328

THE STATE OF OHIO, APPELLANT, *v.* HOWARD, APPELLEE.

(No. 78-468—Decided December 7, 1978.)

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Alan C. Travis,* for appellant.

*Mr. Myron Shwartz,* for appellee.

POTTER, J. The appellant has filed two propositions of law. They are as follows:

1. "A defense alibi witness not a party to a criminal proceeding, may be cross-examined for impeachment purposes regarding pre-trial silence to determine if, under the circumstances, that silence was inconsistent with the witness' testimony at trial."

2. "The provisions of Criminal Rule 16 (B) (1) (e) providing for discovery by the defendant of the names of witnesses whom the prosecuting attorney intends to call at trial, does [sic] not include the names of rebuttal witnesses whose testimony becomes relevant for impeachment purposes only after presentation of the defense case."

For the reasons hereinafter set forth, we find both propositions in part well taken. Further, in accordance with the holding in *Lockett* v. *Ohio* (1978), —— U. S. ——, 57 L. Ed. 2d 973, and *Bell* v. *Ohio* (1978), —— U. S. ——, 57 L. Ed. 2d 1010, the sentence of death is reduced to life imprisonment.

As to the first proposition of law, appellee's sister, Beverly A. Howard, testified in support of the defendant's alibi. On cross-examination over defendant's objection it was elicited that the day after defendant was arrested, Ms. Howard went to the police station with the apparent purpose of establishing defendant's presence at his home at the time of the robbery. Although the record indicates Ms. Howard was not considered to be a suspect, she was asked to sign a rights waiver. After being advised that if she lied she might later be charged with a criminal offense, she refused to sign the rights waiver and to give a statement to the police. The Court of Appeals in a split decision found that, "[t]his cross-examination was error and it was prejudicial in light of the circumstances of this case. It is a denial of due process to draw an inference of guilt from a constitutionally protected silence. *Doyle* v. *Ohio* (1976), [426 U. S. 610] 96 S. Ct. 2240."

The dissent found the majority's reliance on *Doyle*, *supra*, misplaced. We agree. In the *Doyle* case, the United

States Supreme Court held that the state violated the Due Process Clause of the Fourteenth Amendment by using for impeachment purposes the defendant's silence at the time of arrest after the *Miranda* warnings were given. As was noted in the Court of Appeals' dissent, the restriction is upon the use of the defendant's silence, not the alibi witness' silence. Ms. Howard, under the circumstances, did not have a constitutionally protected right of silence. The requested rights waiver was surplusage. The apparent contradiction of the police giving Ms. Howard *Miranda* warnings and the prosecution later cross-examining her at trial concerning her silence might have been eliminated by cautionary remarks by the trial court to the jury at the appropriate time. Nevertheless, we do not find this to be prejudicial error.

The purpose of the cross-examination of the witness was not to draw an inference of guilt of the defendant but was to impeach the witness. Justice Stevens made this distinction in *Doyle, supra,* when he stated in his dissent, at page 627, in footnote 5, the following:

"Cross-examination and comment upon a witness' prior silence does not raise any inference prejudicial to the defendant, and indeed, does not even raise any inference that the defendant remained silent."

Appellee seeks support from *Grunewald* v. *United States* (1957), 353 U. S. 391, but in that case the court had reference to the privilege of the defendants who invoked the Fifth Amendment privilege of silence before a grand jury. Cases which have flowed from this decision and cited by the appellee have reference to compelled witnesses or to comments on a witness' failure to seek out the police. See *United States* v. *Rubin* (C. A. 5, 1977), 559 F. 2d 975, appeal pending; *United States* v. *Natale* (C. A. 2, 1975), 526 F. 2d 1160, certiorari denied 425 U. S. 950; *People* v. *Godsey* (1978), 57 Ill. App. 3d 364, 373 N. E. 2d 95; *People* v. *Hamlin* (1977), 58 A. D. 2d 631, 395 N. Y. Supp. 2d 679. It is noted in the cause *sub judice* that the witness was not a compelled witness nor was the cross-examination directed to a failure to seek out the police.

The thrust of *People* v. *Godsey, supra,* and the majority of the court below is that there is a transfer of guilt of the witness to the defendant. This contention is contrary to the dissenting opinion of Justice Stevens in *Doyle* and contrary to the general proposition that a witness may be cross-examined for impeachment purposes as to inconsistent statements or conduct prior to trial. See 98 Corpus Juris Secundum 334, Witnesses, Section 464; 3A Wigmore on Evidence 1056 (Chadbourn Rev. 1970), Section 1042; 3 Weinstein's Evidence, United States Rules (Rule 607), at page 607-65, paragraph 607 [06]; *People* v. *Henry* (1970), 47 Ill. 2d 312, 321, 265 N. E. 2d 876.

Furthermore, appellee states that the witness' exercise of her Fifth Amendment privilege was not inconsistent with her testimony. We have previously stated that we find no Fifth Amendment privilege on the part of this witness. Moreover, defendant in the trial court did not object on the grounds that the state had not borne its burden of "threshold inconsistency," see *United States* v. *Hale* (1975), 422 U. S. 171, 176, but advanced this argument for the first time in this court.

The defendant's right against self-incrimination guaranteed by the Fifth Amendment and articulated in *Miranda* v. *Arizona* (1966), 384 U. S. 436, has not been violated.

Turning now to the second proposition of law, the Court of Appeals, again one judge dissenting, found that failure to provide the name of a rebuttal witness on discovery was prejudicial error.

Crim. R. 16 (B)(1)(e) provides, in pertinent part, the following:

"[U]pon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness, which record is within the knowledge of the prosecuting attorney. Names and addresses of witnesses shall not be subject to disclosure if the prosecuting attor-

ney certifies to the court that to do so may subject the witness or others to physical or substantial economic harm or coercion.''

In the cause, *sub judice,* the defendant took the stand and was asked if he knew Gary James, a co-defendant, who was tried separately. The defendant admitted his acquaintance, but on cross-examination stated that he had not seen James for several weeks prior to December 21, 1976, the date of the murder-robbery. He denied being with James on December 20, 1976, at a U-Haul Trailer Rental Center on Livingston Avenue in Columbus, or participating in a robbery of the store. Thereafter, the state presented, as a rebuttal witness, one Robert Petty whose name had not been presented to the defense pursuant to discovery. Over objection, Petty testified that he was the owner of the U-Haul store and that on December 20, 1976, the day before the bank robbery, he had been robbed at gunpoint by James and the defendant. The defense objected for the reason that the evidence tended to show the defendant had committed another crime independent of the charged offense and was therefore not admissible. The defense cites *State v. Hector* (1969), 19 Ohio St. 2d 167; *State v. Burson* (1974), 38 Ohio St. 2d 157; and R. C. 2945.59 exceptions in support of this proposition. See, also, *State v. Curry* (1975), 43 Ohio St. 2d 66.

The trial court properly observed that the evidence, ''* * * may very well meet some of the requirements of prior similar acts, but the purpose of the evidence * * * is to attack the credibility of the defendant who on the stand denied that he was with Gary James on December 20, 1976 * * *.''

The defense also objected to the testimony of Petty on the ground that the requirement of Crim. R. 16 (B) (1)(e) was violated and that Petty was a star witness whom the state reasonably knew it would call. The state in turn argued then, and now, that (1) names of rebuttal witnesses do not have to be supplied since the state does not have to anticipate their need, see *United States* v.

*Windham* (C. A. 5, 1974), 489 F. 2d 1389; ABA Project on Minimum Standards for Criminal Justice, Discovery and Procedure Before Trial, Section 2.1, commentary at page 58,[1] and that (2) the defendant has no right to commit perjury, *Harris* v. *New York* (1971), 401 U. S. 222, 225; *State* v. *Maupin* (1975), 42 Ohio St. 2d 473, 480-481.

While we find the Court of Appeals erred in reversing the trial court on this issue, we do not think that Crim. R. 16 (B)(1)(e) should be as narrowly construed as the state suggests.[2] The philosophy of the Criminal Rules is to remove the element of gamesmanship from a trial. The state should furnish upon a proper demand the names of all witnesses it reasonably anticipates it is likely to call, whether in its case-in-chief or in rebuttal. But as the dissent pointed out, Crim R. 16 (E)(3) sets forth the procedure to be followed and the sanctions, if any, to be imposed when there is a failure to comply. This subsection of the rule is as follows·

"(3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."

The trial court offered to grant a continuance, but after an extensive *voir dire* of Petty and other rebuttal witnesses, no continuance was requested. The trial court did not have to exclude the rebuttal testimony. Further-

---

[1] It should be noted that the commentary to Section 2.1 also states: "However, the prosecuting attorney should not be tempted to use this mechanism to avoid disclosing a witness whose testimony is actually and realistically a part of his case in chief."

[2] As compared to Fed. R. Crim. P. 16, the Ohio Rule is more liberal. The federal rule does not provide for disclosure of witnesses. *United States* v. *Rogers* (C. A. 8, 1976), 549 F. 2d 490.

more, the trial court in its charge explicitly limited the use by the jury of the testimony of Petty to the matter of credibility of the defendant. We find no prejudicial error.

The judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed, as modified. The cause is remanded to the Court of Common Pleas for execution of sentence.

*Judgment accordingly.*

LEACH, C. J., HERBERT, CELEBREZZE, W. BROWN, SWEENEY and LOCHER, JJ., concur.

POTTER, J., of the Sixth Appellate District, sitting for P. BROWN. J.