THE STATE OF OHIO, APPELLEE, *v.* WATTERS, APPELLANT.

(No. C-840582 — Decided May 22, 1985.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Christian J. Schaefer,* for appellee.

*Timothy A. Smith,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

This timely appeal follows appellant's convictions of two counts of rape in violation of R.C. 2907.02 and one count of gross sexual imposition in violation of R.C. 2907.05. Appellant had previously been convicted of felonious sexual penetration.

The record reveals that the fourteen-year-old victim was accosted by a man, identified as appellant, who wielded a knife. The victim testified that she was forced to partially disrobe whereupon the man placed his finger in her vagina. The victim was then punched in the face. The man then fondled the victim's breasts and performed oral sex upon her. Finally, the victim testified, the man attempted to have vaginal intercourse with her, pressing his penis against her vagina until she "could feel it." Subsequently, the victim was set free whereupon she ran to the home of a friend. The police were eventually summoned. Appellant was subsequently identified by the victim from a photographic array.

A jury trial commenced on June 20, 1984. The state presented its case in chief. The defense then began to present its case. Appellant basically presented an alibi defense. Ultimately, appellant testified in his own defense.

On the third day of trial, after the defense had called several alibi witnesses, defense counsel was informed by the prosecution that the state intended to call two additional witnesses. The two witnesses were prison inmates who had written letters to the prosecutor regarding appellant's case.

Defense counsel objected to the calling of the supplemental witnesses; however, the trial court ruled that the objection was premature as the court was unaware of the nature of the testimony.

The record reveals that the letters received by the prosecution from the inmates were dated June 2, 6 and 12. The letters indicated that Ronald Harris and Rickey DuBose, who had been incarcerated with appellant, heard appellant confess to the crimes for which he was on trial. Further, the letters indicated that appellant had told Harris and DuBose that appellant intended to fabricate an alibi defense. Defense counsel moved for a mistrial arguing that the prosecutor had been aware of the existence of the letters and the witnesses and had failed to disclose the information in discovery. Further, defense counsel argued that the failure of the state to provide discovery prevented appellant from making an informed decision as to whether or not to testify in his own defense. The trial court overruled the motion for a mistrial.

Harris and DuBose were called to the witness stand during the state's case in rebuttal. They testified that appellant had admitted that he perpetrated the crimes. Further, the inmates testified that appellant told them that he and his witnesses intended to fabricate an alibi defense. Appellant was subsequently found guilty as charged and sentenced as appears of record.

Appellant's first assignment of error alleges:

"The trial court committed prejudicial error in failing to grant defendant's request for a separate hearing on the specifications charging a prior aggravated felony."

The record reveals that the indictment charging appellant with two counts of rape included, under R.C. 2941.142, the allegation that appellant had been previously convicted of felonious sexual penetration. Therefore, if the prior conviction was proven, appellant was eligible for enhanced punishment. R.C. 2929.11(B)(1)(b).

Appellant in the case *sub judice* moved that the evidence of his prior conviction be excluded from the jury, and that such evidence be presented only at the sentencing hearing pursuant to R.C. 2941.142. The trial court denied appellant's motion.

R.C. 2941.142 provides in pertinent part:

"* * * If an indictment, count in an indictment, or information that charges a defendant with an aggravated felony contains such a specification, the defendant may request that the trial judge, in a case tried by a jury, determine the existence of the specification at the sentencing hearing."

We determine that the language of R.C. 2941.142 is mandatory. Once the appellant requested that the existence of the specification be determined by the trial judge at the sentencing hearing, the trial court was under an obligation to honor that request. We find that the refusal of the trial court to determine the existence of the specification at the sentencing hearing is reversible error. Appellant's first assignment of error is well-taken.

Appellant's second assignment of error alleges:

"The trial court committed prejudicial error in failing to exclude the testimony of witnesses not revealed during discovery."

Appellant argues that the trial court abused its discretion in refusing to exclude the testimony of inmates Harris and DuBose.

Crim. R. 16(B)(1) provides in pertinent part:

"(a) Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or

within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:

"(i) Relevant written or recorded statements made by the defendant or co-defendant, or copies thereof;

"* * *

"(e) Upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness, which record is within the knowledge of the prosecuting attorney. * * *"

Further, Crim. R. 16(D) provides:

"If, subsequent to compliance with a request or order pursuant to this rule, and prior to or during trial, a party discovers additional matter which would have been subject to discovery or inspection under the original request or order, he shall promptly make such matter available for discovery or inspection, or notify the other party or his attorney or the court of the existence of the additional matter, in order to allow the court to modify its previous order, or to allow the other party to make an appropriate request for additional discovery or inspection."

The identities of state witnesses are properly discoverable whether the witnesses will be called in the state's case in chief or in rebuttal. See *State* v. *Parson* (1983), 6 Ohio St. 3d 442. In *Parson,* the Supreme Court affirmed the defendant's conviction where a co-defendant's statement, which had not been disclosed during discovery, was introduced by the state in its case in rebuttal. The Supreme Court based its decision on the fact that (1) the record did not demonstrate that the failure to provide discovery was willful, (2) the defendant did not show how foreknowledge of the statement would have benefitted the preparation of his defense, and (3) the defendant did not demonstrate that he was prejudiced by the admission of the evidence. *Id.* at 445-446.

Appellant concedes that there is no evidence of a willful failure to provide discovery on the part of the prosecution. However, we find that the record clearly demonstrates that foreknowledge of the existence of the evidence in question would have benefitted the preparation of appellant's defense. The non-disclosure of the evidence by the prosecution seriously handicapped the appellant in deciding whether or not to take the witness stand. *State* v. *Tomblin* (1981), 3 Ohio App. 3d 17, 19.

In addition, we find that the record clearly demonstrates that appellant was prejudiced by the admission of the evidence. The appellant's entire defense rested upon a credible alibi. The evidence which the state failed to disclose bore directly upon the issue of the credibility of appellant's alibi defense. In fact, the inmates testified that appellant intended to fabricate his entire alibi defense. If the defense had known of this evidence prior to trial, it may well have changed the entire defense strategy.[1] Under these circumstances, the admission of the evidence in question is reversible error. Appellant's second assignment of error is sustained.

* * *[2]

The judgment of the trial court is reversed and the cause is remanded for

---

[1] We point out that the prosecution had received the last of the three letters approximately one week prior to trial.

[2] The text of the opinion as it appears herein was abridged by the court.

proceedings consistent with law and with this decision.

*Judgment reversed and cause remanded.*

BLACK, P.J., DOAN and KLUSMEIER, JJ., concur.