The STATE of Ohio, Appellee,

v.

PARKS, Appellant.

[Cite as *State v. Parks* (1990), 69 Ohio App.3d 150.]

Court of Appeals of Ohio,
Montgomery County.

No. 12067.

Decided Aug. 15, 1990.

*Lorine M. Reid*, Assistant Prosecuting Attorney, for appellee.
*Shelia A. Kyle–Reno*, for appellant.

GRADY, Judge.

In this appeal we are asked to determine whether the trial court abused its discretion in failing to grant defendant-appellant's motion to continue his trial.

The basis of the motion was that the state had failed to meet its obligations under Crim.R. 16 by willfully failing to provide the address of the state's complaining witness. After allowing counsel for defendant-appellant to unsuccessfully attempt to interview the witness in the hallway of the courthouse on the morning of trial, the trial court concluded that the witness's refusal to discuss the case with counsel for defendant-appellant Parks avoided any prejudice arising from the conduct of the prosecutor, and proceeded to trial. We do not agree. We find that the trial court abused its discretion in failing to grant a continuance under the circumstances, and we will vacate the conviction and remand the case to the trial court for further proceedings.

## I

### *Factual Posture*

Defendant-appellant Danny K. Parks was indicted on October 27, 1989 and charged with kidnapping Edrie Downing on October 19, 1989, for the purpose of engaging in sexual activity with her, in violation of R.C. 2905.01(A)(4).

On November 9, 1989, a request for discovery pursuant to Crim.R. 16 and a request for a receipt of the prosecution information package was filed by counsel for Parks.

Motions for continuance on behalf of defendant-appellant were filed on December 1 and December 8, 1989. Both were occasioned by withdrawal and appointment of new trial counsel. Both were granted by the court.

On December 20, 1989, counsel for Parks advised the prosecutor by letter that he wished to have further information concerning the case against Parks, including the names, addresses, and telephone numbers of each witness expected to be called at trial. He also requested medical records concerning treatment of the complaining witness, Edrie Downing.

On January 4, 1990, defendant-appellant moved to compel the state to disclose the address of the complaining witness, Edrie Downing. The motion explained that the prosecutor had provided only a post office box address for Downing and argued that the information was inadequate to give counsel access to the witness for purpose of investigation or interview prior to trial.

On January 9, 1990, the prosecuting attorney advised defense counsel by telephone of Downing's residence address, which was in Fayette County, Ohio, in the city of Washington Courthouse.

On January 10, 1990, counsel for Parks moved to continue the trial, arguing that the address of the complaining witnesses had been provided to him only the day before, leaving him inadequate opportunity to interview her and

investigate her probable testimony prior to the trial, which was then set for the day following, January 11, 1990.

On the morning of January 11, 1990, the trial court took up the motions to compel and continue the trial. The court found the motion to compel moot because Downing's address had been provided on January 9. In response to the motion to continue, the court granted defense counsel an opportunity to interview Downing, who was then in the courthouse. Counsel attempted to interview Downing but she refused to speak with him. Upon learning that Downing would not cooperate, the court denied the motion for continuance and proceeded to trial.

The jury returned a verdict of guilty on the charge of kidnapping. A termination entry was filed on January 26, 1990, and a timely notice of appeal was filed February 5, 1990. From this notice defendant-appellant Parks sets forth two assignments of error.

## II

### *Motion for Continuance*

■ Defendant-appellant Parks alleges that the trial court abused its discretion when it denied his motion for continuance because it deprived his attorney of an opportunity to investigate and interview the complaining witness on a timely basis.

■ An appellate court must not reverse denial of a continuance unless an abuse of discretion has been demonstrated. *Ungar v. Sarafite* (1964), 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921; *State v. Bayless* (1976), 48 Ohio St.2d 73, 2 O.O.3d 249, 357 N.E.2d 1035. In determining whether the trial court has abused its discretion, appellate courts should apply "a balancing test which takes cognizance of all the competing considerations." *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 43, 423 N.E.2d 1078, 1080.

"In evaluating a motion for a continuance, a court should note, *inter alia*: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. See *United States v. Burton* [584 F.2d 485 (D.C.Cir.)], *supra; Giacalone v. Lucas* [445 F.2d 1238 (6 Cir.)], *supra*." *Id.* at 67–68, 21 O.O.3d at 43–44, 423 N.E.2d at 1080–1081.

Crim.R. 16(A) provides that upon written request each party *shall* provide the discovery allowed by the rule. At Section (B)(1)(e), the rule provides that upon motion of the defendant the court shall order the prosecuting attorney to furnish the defendant a written list of the names and addresses of all the witnesses whom the prosecuting attorney intends to call at trial. Montgomery County Common Pleas Court Local Rule 3.03 provides that, upon the demand of a defendant who has entered a plea of not guilty at time of arraignment, the state shall deliver an "information packet" containing the names and addresses of all witnesses. The provisions of Crim.R. 16 and Local Rule 3.03 are, thus, mandatory.

Names and addresses of witnesses may not be subject to disclosure if the prosecuting attorney "certifies to the court that to do so may subject the witness or others to physical or substantial economic harm or coercion." Crim.R. 16(B)(1)(e). The state's reasons for requesting that protection must appear on the record. *State v. Williams* (1986), 23 Ohio St.3d 16, 23 OBR 13, 490 N.E.2d 906. Additionally, either party may pursuant to Crim.R. 16(E)(1) move the court for a protective order restricting or limiting discovery in any manner the court may deem appropriate.

While the court is authorized to limit the requirements of Crim.R. 16 to serve the ends of justice, neither party is authorized to withhold the information required by the rule for reasons the party alone deems sufficient. A failure to provide the identity of a state witness is excusable if the failure was inadvertent or provision was impossible, but it is error if not justifiable. *State v. Edwards* (1976), 49 Ohio St.2d 31, 3 O.O.3d 18, 358 N.E.2d 1051, vacated as to death penalty (1978), 438 U.S. 911, 98 S.Ct. 3147, 57 L.Ed.2d 1155.

If a party fails to comply with the requirements of discovery, the court may order the party to permit discovery, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances. Crim.R. 16(E)(3). A continuance, upon proper motion, is a favored method to avoid prejudice which may flow from a failure to provide discovery yet ensure that the charges against an accused are tried timely and fairly. *State v. Edwards, supra; State v. Howard* (1978), 56 Ohio St.2d 328, 10 O.O.3d 448, 383 N.E.2d 912; *State v. Parson* (1983), 6 Ohio St.3d 442, 6 OBR 485, 453 N.E.2d 689; *State v. Finnerty* (1989), 45 Ohio St.3d 104, 543 N.E.2d 1233.

*Parson* and *Finnerty* provide a three-part test to determine whether a trial court has abused its discretion in failing to grant a motion for continuance upon a showing that the state has failed to provide the discovery required of it. The inquiry must address (1) whether the prosecution's failure

was a willful violation of Crim.R. 16, (2) whether foreknowledge of the evidence would have benefitted the accused in the preparation of his defense, and (3) whether the accused was prejudiced by the evidence concerned.

First, there is little doubt that the state's failure to provide the address of the complaining witness was willful. From the briefs and the proceedings on the motions before the trial court it is clear that the prosecuting attorney knew the residence address of Edrie Downing long before the date he provided it. It is suggested that he was aware that the witness would not speak to the accused's representatives, and for that reason believed it better to not provide the information. However, he failed to move for any form of protective order or certify that the witness would be in danger, if that was the case. The prosecuting attorney offered no other justification or excuse. His failure to comply with discovery requirements was willful.

Second, counsel for defendant-appellant Parks argued that foreknowledge of the residence address of the complaining witness was necessary to allow him to not only interview her but investigate her in order to prepare for trial. He argued that failure to provide her address prevented him from speaking with her neighbors or associates to determine whether there might be impeaching testimony that could be offered for the benefit of defendant-appellant Parks.[1]

We believe that Parks makes a good argument. Counsel has the duty to investigate the law and the facts relevant to the charges against his client. Failure to adequately investigate such matters may be a basis to find that counsel's assistance was ineffective and constitutionally defective. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. That duty cannot be met by a mere attempt to discuss the matter on the morning of the trial with the complaining witness in the hallway of the courthouse. *State v. Smith* (1986), 34 Ohio App.3d 180, 517 N.E.2d 933. As counsel argued, whether or not the witness then agreed to an interview, counsel would yet be denied the opportunity to investigate. The timing of the interview permitted might also create prejudice by depriving counsel of facts necessary to advise his client whether or not to take the stand. *State v. Watters* (1985), 27 Ohio App.3d 186, 27 OBR 224, 500 N.E.2d 312. We conclude that defendant-appellant has demonstrated that foreknowledge of the nondisclosed information would have benefitted him in the preparation of his defense.

---

1. At the time of the alleged offense, the complaining witness lived in the same apartment complex as the accused. She moved a few days later, and it is clear that neither the defendant-appellant nor his counsel had knowledge of her address or where she could be found.

Third, it must be shown that the nondisclosed information operated to the prejudice of the accused. Parks was accused of kidnapping Edrie Downing for the purpose of engaging in sexual activity with her. At trial the only evidence of any actual or attempted sexual activity was in the testimony of Downing. Her testimony was crucial to the case against Parks, and it thus operated to his prejudice.

For the foregoing reasons, we conclude that the trial court abused its discretion in failing to grant the continuance requested. Though other continuances had been requested and granted, the requested delay was for legitimate reasons and the potential prejudice to defendant-appellant outweighed any demonstrated need to go to trial that date. Defendant-appellant's first assignment of error will be sustained.

### III

### *Weight of the Evidence*

As his second assignment of error defendant-appellant argues that there was insufficient evidence to establish each and every element of the offense beyond a reasonable doubt. As his third assignment of error he argues that the conviction is contrary to the manifest weight of the evidence. We will consider these two assignments of error together.

Defendant-appellant was charged with kidnapping, a violation of R.C. 2905.-01(A)(4), which provides in pertinent part:

"(A) No person, by force, threat, or deception * * * shall remove another from the place where he is found or restrain him of his liberty * * *:

"* * *

"(4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against his will[.]"

The victim identified in the indictment was Edrie Downing.

Edrie Downing testified that Parks asked her to his apartment to examine television sets he had for sale. She testified that when she arrived there Parks grabbed her and threw her to the couch, covering her with his body, and demanded that she go to bed with him. She refused, and he forcibly grabbed her head and turned it to force her to look at his exposed penis. She broke away from him, but when she reached the door of the apartment he grabbed her and forced the door closed. After again refusing sex, Parks relented and fled the scene when another witness, Michael Adams, entered the apartment and told them he had telephoned the police.

Michael Adams testified that he saw Edrie Downing attempt to flee the apartment and defendant-appellant Parks pull her back inside and slam the door. When he then entered the apartment both Parks and Downing appeared disturbed.

Parks' wife, Lisa Parks, testified that she arrived at home after the events described by Downing and Adams and noticed nothing out of the ordinary in her husband's conduct at that time or through the evening. She was not present at the time of the alleged kidnapping.

Evidence is sufficient to support a conviction if reasonable minds could find guilt beyond a reasonable doubt when viewing the evidence in the light most favorable to the state. *State v. Hancock* (1976), 48 Ohio St.2d 147, 2 O.O.3d 333, 358 N.E.2d 273; *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184.

In determining whether a jury verdict in a criminal case is against the manifest weight of the evidence, appellate courts should consider whether the evidence was reasonably credible or fundamentally incredible, contradicted or uncontradicted, reliable or unreliable, and certain or uncertain. The court should also consider whether testimony was effectively impeached or was self-serving and whether important matters were not proved. *State v. Mattison* (1985), 23 Ohio App.3d 10, 23 OBR 43, 490 N.E.2d 926. A judgment in a criminal case should not be reversed as being against the manifest weight of the evidence where there is substantial evidence in which the trier of fact could reasonably find that all the elements of the charged offense have been proved beyond a reasonable doubt. *State v. Hardin* (1984), 16 Ohio App.3d 243, 16 OBR 266, 475 N.E.2d 483.

Under the foregoing standards we find that the evidence presented against defendant-appellant Parks was sufficient to establish each and every element of the crime of kidnapping beyond a reasonable doubt, and that the judgment of conviction is not contrary to the manifest weight of the evidence. Defendant-appellant's second and third assignments of error will be overruled.

## IV

### Conclusion

Defendant-appellant's first assignment of error is sustained and the judgment of conviction will be vacated. The case will be remanded to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

Wolff, P.J., and Brogan, J., concur.