The STATE of Ohio, Appellee,

v.

WAMSLEY, Appellant.

[Cite as *State v. Wamsley* (1991), 71 Ohio App.3d 607.]

Court of Appeals of Ohio,
Gallia County.

No. 90CA4.

Decided March 28, 1991.

*Bennett & Wallen* and *Barbara A. Wallen,* for appellant.

*Brent A. Saunders,* Prosecuting Attorney, and *Mark E. Sheets,* Assistant Prosecuting Attorney, for appellee.

*Per Curiam.*

This is an appeal from a judgment entered by the Gallia County Common Pleas Court upon a jury verdict finding Jean Wamsley, defendant below and appellant herein, guilty of trafficking in a controlled substance, in violation of R.C. 2925.03(A)(1). The following error is assigned:

"I. The court erred in admitting the testimony of a rebuttal witness who could have been used in the prosecutor's case in chief but was not included in the prosecutor's discovery response as a possible witness."

The record reveals the following facts pertinent to this appeal. On August 10, 1989, appellant sold Diazepam, a Schedule IV controlled substance, to an informant and an undercover agent. In December 1989, she was indicted for trafficking in drugs in violation of R.C. 2925.03.

Prior to trial, appellant's counsel filed a discovery request with the Gallia County Prosecutor's Office pursuant to Crim.R. 16, wherein she specifically requested a list of all witnesses to be called at trial. The response from the prosecutor did not include the name of Buster Hall or Jay Lambert. The Friday before the trial the prosecutor supplemented the list with Hall's name but still failed to include Jay Lambert.

On February 26, 1980, the day of the jury trial, appellant objected to the testimony of Lambert as well as of Hall. The trial court offered appellant a continuance but appellant insisted upon the remedy of witness exclusion. Appellant did not request either a recess or an opportunity to voir dire the witnesses. Appellant's counsel advised the trial court that her first knowledge that Lambert was even being considered as a witness was when Lambert advised her about it in an elevator earlier that morning. The state indicated that it had no intention of calling Lambert in its case in chief and would call him as a rebuttal witness only if appellant testified, and then, the rebuttal testimony would be limited to impeaching appellant's credibility. The trial court prohibited appellee from calling Lambert as a witness in its case in chief. Appellant testified on direct that she did not sell thirty tablets of Valium/Diazepam to an undercover agent on August 10, 1989 and that Lambert was never in her trailer on that date. Lambert testified on rebuttal that he witnessed the sale on August 10, 1989 in appellant's trailer.

After the conclusion of both parties' cases, the jury returned a verdict finding appellant guilty of trafficking in drugs. The court sentenced her to a determinate sentence of eighteen months in the Marysville Correctional Facility on April 9, 1990.

In her sole assignment of error, appellant contends that Jay Lambert's testimony should not have been admitted because his name was not disclosed by the prosecutor. The state contends that because Lambert was used solely as a rebuttal witness his name need not have been disclosed prior to trial. We find the state's contention to be erroneous in light of current Ohio case law.

In *State v. Howard* (1978), 56 Ohio St.2d 328, 10 O.O.3d 448, 383 N.E.2d 912, the Ohio Supreme Court specifically held that all witnesses, including rebuttal witnesses, who the state reasonably anticipates the need to call, should be disclosed to the defense pursuant to a valid discovery request. *Id.* at 333, 10 O.O.3d at 451, 383 N.E.2d at 915. See, also, *State v. Finnerty* (1989), 45 Ohio St.3d 104, 106–107, 543 N.E.2d 1233, 1236; *State v. Parson* (1983), 6 Ohio St.3d 442, 445, 6 OBR 485, 487, 453 N.E.2d 689, 691. In the case at bar, it is apparent that the state anticipated calling Lambert as a witness since it had requested that he appear.

When there is a failure by the state to comply with a discovery request, Crim.R. 16(E)(3) sets forth the procedure to be followed and the sanctions, if any, to be imposed. Said rule reads as follows:

"Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."

■ Appellant contends that exclusion of the rebuttal witnesses' testimony was the necessary remedy. However, as set forth in Crim.R. 16(E)(3), *supra,* exclusion of testimony is only one sanction among many which a court may impose. Determination of which sanction to impose is within the sound discretion of the trial court. This court will not reverse the trial court unless there was an abuse of discretion. An "abuse of discretion" connotes more than an error of law or judgment; it necessitates the finding of an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. A reviewing court may not substitute its judgment for that of the trial court. *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 361, 473 N.E.2d 264, 313.

In *Howard, supra,* the Supreme Court found no abuse of discretion by the trial court in failing to exclude the testimony of a non-disclosed rebuttal witness. The court emphasized the following in 56 Ohio St.2d at 333–334, 10 O.O.3d at 451, 383 N.E.2d at 916:

"The trial court offered to grant a continuance, but after an extensive *voir dire* of Petty and other rebuttal witnesses, no continuance was requested. The trial court did not have to exclude the rebuttal testimony. Furthermore, the trial court in its charge explicitly limited the use by the jury of the testimony of Petty to the matter of credibility of the defendant. We find no prejudicial error."

In an analogous factual pattern, the Eighth Appellate District held that where a potential prosecution witness is not named by the state on a witness list pursuant to Crim.R. 16(B)(1)(e), a trial court does not err in permitting such witness to appear as a rebuttal witness when the defendant objects to such witness' appearance, but fails to request a continuance, recess, or an opportunity to voir dire the witness, and the cross-examination of the witness is vigorous and complete. *State v. Abi–Sarkis* (1988), 41 Ohio App.3d 333, 535 N.E.2d 745. In the absence of a motion for a continuance, the trial court properly concluded that defense counsel was prepared to go forward at that

time. *Finnerty, supra,* 45 Ohio St.3d at 108, 543 N.E.2d at 1237; *State v. Edwards* (1976), 49 Ohio St.2d 31, 43, 3 O.O.3d 18, 24, 358 N.E.2d 1051, 1060.

 We note that the above analysis does not leave a defendant such as appellant without a remedy. The trial court may grant a continuance where the defendant establishes that nondisclosure was willful and prejudicial to the defense. Such a continuance would not toll the speedy trial statute, but rather would be charged to the state. Furthermore, in particularly egregious cases, the court may exercise its discretion and order the case to go forward while barring the "surprise" testimony. In short, the availability of a continuance as a potential remedy does not preclude the more drastic sanction of barring a witness when circumstances require.

 Here, the trial court indicated that it was willing to grant a continuance but appellant's counsel insisted on exclusion of Lambert and another witness's testimony. Although the trial court did not limit or specially instruct the jury to limit consideration of Lambert's testimony to impeachment purposes, appellant's counsel did engage in a vigorous and complete cross-examination of Lambert. Based upon the foregoing authorities, and appellant's failure to request a continuance, a recess, or to conduct voir dire, we are persuaded that the trial court did not abuse its discretion in allowing Lambert's testimony. Accordingly, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.[1]

*Judgment affirmed.*

STEPHENSON, P.J., and HARSHA, J., concur.

GREY, J., dissents.

GREY, Judge, dissenting.

I respectfully dissent because of the long-term implications of the holding in this case.

Wamsley contends that Jay Lambert's testimony should not have been admitted because his name was not disclosed by the prosecutor on its witness list. The state contends that because Lambert was intended to be used as a rebuttal witness, his name need not have been disclosed prior to trial. I find the state's contention to be erroneous in light of current Ohio case law.

---

1. Although we are affirming the judgment herein, we do not condone the failure of the prosecution to make full discovery. *Howard, supra,* was decided over a decade ago and minimal research by the prosecution would have disclosed the proper rules of disclosure of rebuttal witnesses.

In *State v. Finnerty* (1989), 45 Ohio St.3d 104, 543 N.E.2d 1233, the Ohio Supreme Court held that rebuttal witnesses fall within the scope of discovery. See, also, *State v. Howard* (1978), 56 Ohio St.2d 328, 10 O.O.3d 448, 383 N.E.2d 912; *State v. Parson* (1983), 6 Ohio St.3d 442, 6 OBR 485, 453 N.E.2d 689.

In some cases, *Howard, supra,* for example, it was held that the state would not be barred from calling a rebuttal witness for failure to include that witness from the discovery witness list. These holdings should not be construed to mean that the state does not have to make discovery of the rebuttal witnesses it intends to call. Rather, these holdings mean that where in the course of a trial it becomes necessary to call a witness on rebuttal, and the need to call that witness was not anticipated by the prosecution until after the defense had presented its case, then there is no violation of rules of discovery.

If the prosecution does not provide the name of a rebuttal witness upon a defendant's request for such information, the trial court may impose sanctions on the prosecutor. *Finnerty,* 45 Ohio St.3d at 107, 543 N.E.2d at 1236. Crim.R. 16(E)(3) provides a list of those sanctions. It is within the discretion of the trial court to decide which sanction to impose. *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 514 N.E.2d 394. A trial court abuses its discretion when it acts in an unreasonable, arbitrary or unconscionable manner. *State v. Jenkins* (1984), 15 Ohio St.3d 164, 15 OBR 311, 473 N.E.2d 264.

The state argues that imposition of a sanction is within the discretion of the trial court and that in any event the defense did not request a continuance so that any claim of error is waived. I would like to consider the issue of the request for a continuance first.

If one thinks this through, the state's assertion about the need to request a continuance creates a pernicious situation. If the state properly discloses the witness, then defense counsel will have adequate time to investigate and prepare for that witness' testimony. If the state does not disclose until the middle of the trial, then the time available to investigate and prepare is invariably shorter. It puts the defense at a substantial disadvantage. Thus, there is a premium, a tactical advantage, for the state to make less than full discovery.

With the idea of that tactical advantage in mind, let us presume a situation where the trial court finds that the state has willfully and deliberately failed to disclose the name of a witness. If the defendant must move for a continuance, then the trial court can hardly refuse to grant it. But if the defendant must always first move for a continuance and the trial court must grant it, then the trial court can never impose the greater sanction. Egre-

gious conduct which would justify the greater sanction would always justify the lesser sanction, but in such a situation the court would have to deny the very relief requested by the defendant, *i.e.*, the continuance, and impose then an even greater sanction than the one asked for. Granting greater relief than asked for is usually an abuse of discretion itself.

Arguably, it may even be malpractice for the state to make discovery. If there is no real sanction, if the defense can be placed in a position of always having to prepare during the time of the continuance which is granted in the middle of the trial instead of being able to prepare before trial, what benefit accrues to the prosecution by making discovery? If there is no disadvantage to the state, perhaps a prosecutor ought never to make full discovery.

Obviously, this is not what the Criminal Rules intend. But if the courts will not impose a sanction to overcome this tactical advantage, if the courts will not enforce the rules of discovery, then we will not have discovery. It is as simple as that.

Thus, I dissent.