The STATE of Ohio, Appellee,

v.

WILSON, Appellant.

[Cite as *State v. Wilson* (1993), 91 Ohio App.3d 611.]

Court of Appeals of Ohio,
Clark County.

No. 2995.

Decided Nov. 18, 1993.

*Darnell E. Carter,* Clark County Assistant Prosecuting Attorney, for appellee.

*Scott Beals,* for appellant.

FAIN, Judge.

Defendant-appellant Terrance L. Wilson appeals from his conviction for felonious assault. Wilson contends that the trial court committed prejudicial error by failing to exclude the testimony of a witness whose identity the prosecution failed to timely disclose.

We find that the defense counsel implicitly requested a continuance at trial by informing the trial court that he had no chance to confer with his client due to the prosecution's untimely disclosure of the witness's identity. We conclude that the trial court abused its discretion in admitting the testimony objected to· under Crim.R. 16 where the record demonstrated that Wilson was prejudiced by the testimony and that it was likely that the prosecution's failure to timely disclose was a wilful violation of Crim.R. 16.

## I

Wilson was indicted on charges of kidnapping, felonious sexual penetration, and two counts of felonious assault stemming from an incident that resulted in physical harm to the victim, Yolanda Heard. Wilson was in a romantic relationship with Heard at the time of the alleged offenses. On the night in question, Wilson and Heard stopped at John Berrien's house, where Wilson confronted Berrien about dating Heard. Berrien testified that Heard was badly beaten when the pair arrived at his house. Wilson denied that he beat Heard and testified that Heard suffered minor injuries before the pair went to Berrien's house, and that Wilson does not know where Heard suffered the cuts, bruises, and torn fingernails shown by photographs of Heard taken at the hospital and entered into evidence during the trial.

Heard had testified before a grand jury but apparently changed her mind about testifying at trial, cutting off contact with her mother and other family members after learning of the attempted service of a subpoena at her mother's house. Heard was never served with the subpoena and remained unavailable to testify at trial.

The jury found Wilson not guilty of kidnapping but guilty of felonious assault. Wilson was sentenced to eight to fifteen years. From his conviction and sentence, Wilson appeals.

## II

Wilson's sole Assignment of Error is as follows:

"The trial court erred and abused its discretion in allowing the testimony of a witness whose identity was not disclosed until the day before trial."

■ It is within a trial court's discretion to decide which sanction to impose for a violation of Crim.R. 16. *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 514 N.E.2d 394. When a party fails to comply with a discovery request, Crim.R. 16(E)(3) provides that:

"[T]he court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."

■ An appellate court reviewing the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion. *State v. Finnerty* (1989), 45 Ohio St.3d 104, 107, 543 N.E.2d 1233, 1236.

" '[A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, * * * not the exercise of reason but rather of passion or bias. * * * ' " *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 361, 473 N.E.2d 264, 313.

■ The state's failure to timely disclose a witness usually presents the defense with a shorter time to prepare and therefore may often put the defense at a substantial tactical disadvantage; there may be a "premium, a tactical advantage, for the state to make less than full discovery." *State v. Wamsley* (1991), 71 Ohio App.3d 607, 612, 594 N.E.2d 1123, 1127 (Grey, J., dissenting).[1] The philosophy of the Criminal Rules is to remove the element of gamesmanship from a trial. *State v. Howard* (1978), 56 Ohio St.2d 328, 333, 10 O.O.3d 448, 451, 383 N.E.2d 912, 915. The state should furnish upon proper demand the names of all witnesses it reasonably expects to call, whether in its case-in-chief or in rebuttal. *Finnerty*, 45 Ohio St.3d at 107, 543 N.E.2d at 1236. The duty to

---

1. Judge Grey elaborated on the problem in *Wamsley:*

"With the idea of that tactical advantage in mind, let us presume a situation where the trial court finds that the state has willfully and deliberately failed to disclose the name of a witness. If the defendant must move for a continuance, then the trial court can hardly refuse to grant it. But if the defendant must always first move for a continuance and the trial court must grant it, then the trial court can never impose the greater sanction. Egregious conduct which would justify the greater sanction would always justify the lesser sanction, but in such a situation the court would have to deny the very relief requested by the defendant, *i.e.*, the continuance, and impose then an even greater sanction than the one asked for. Granting greater relief than asked for is usually an abuse of discretion itself." *Id.*, 71 Ohio App.3d at 612–613, 594 N.E.2d at 1127.

promptly disclose information pursuant to a proper discovery request is continuous. *Id.* at 106, 543 N.E.2d at 1235.

Generally, the Ohio Supreme Court has found that the trial court does not abuse its discretion by admitting the evidence objected to under Crim.R. 16 where defense counsel fails to request a continuance. However, in *State v. Parson* (1983), 6 Ohio St.3d 442, 6 OBR 485, 453 N.E.2d 689, syllabus, the Ohio Supreme Court held that:

"Where, in a criminal trial, the prosecution fails to comply with Crim.R. 16(B)(1)(a)(ii) by informing the accused of an oral statement made * * * to a law enforcement officer, and the record does not demonstrate (1) that the prosecution's failure to disclose was a willful violation of Crim.R. 16, (2) that foreknowledge of the statement would have benefited the accused in the preparation of his defense, or (3) that the accused was prejudiced by admission of the statement, the trial court does not abuse its discretion under Crim.R. 16(E)(3) by permitting such evidence to be admitted."

■ We read *Parson* to mean that a trial court abuses its discretion by failing to exclude evidence where the defense is able to show prejudice or would benefit from foreknowledge of the statement, or where there has been a willful violation of Crim.R. 16 by the prosecution.

■ Here, Berrien's testimony conflicted with Wilson's version of the critical events. Berrien testified that Wilson threatened him with a gun and threatened his life. Wilson admitted threatening to beat up Berrien for dating Heard, but Wilson testified that Heard was injured in a physical fight with her cousin and another woman; that Wilson did not observe Heard's cuts, bruises, and torn fingernails; but that Heard wanted to go back and fight more and that when Wilson was exchanging words with Berrien, Heard drove off. Wilson denied causing any of the injuries to Heard that underlay the charge of felonious assault. Berrien did not witness Wilson injuring Heard, although Berrien testified that when Wilson and Heard appeared at his door, Heard was already badly beaten, so badly beaten that Berrien did not recognize the woman as being Heard, and that Wilson shoved the woman as Berrien watched. Berrien's testimony also directly contradicted Wilson's account of the time of events of the evening in question: Berrien claiming that Wilson appeared at Berrien's house at around 2:00 a.m.; Wilson testifying that he went to Berrien's house around 9:00 p.m. the night before. Wilson denied shoving Heard, testifying that they argued but that he did not hit her.

In short, Berrien's testimony was so crucial that at oral argument the state properly conceded that a conviction would have been impossible without it.

In addition to prejudice, we find that the circumstances did not justify the method and timing of the prosecution's disclosure of Berrien's identity as a witness for the upcoming trial. The prosecutor dropped off the witness list in the defense counsel's box at court at 4:53 p.m. on the day before trial. Defense counsel, being unaware of the deposit of the witness list, picked up his mail at noon on the day of the trial, en route to trial.

Disclosure in this manner, some seven minutes before the end of the day before trial, is not the kind of immediate disclosure contemplated by Crim.R. 16(A), nor would it lead a reasonable person to be assured that the disclosure itself would probably be discovered by the intended recipient. This is not an instance where the defense counsel failed to retrieve or open his mail in a reasonable period of time. Here, defense counsel had not yet read his mail because he had just picked it up on the way to a trial. Nothing in the record justifies the manner of depositing the information, even if the delay in notifying defense counsel up to that time was unavoidable. Where the information is to be conveyed on the day before trial, the prosecutor should at least make a reasonable attempt to contact defense counsel by telephone. Notwithstanding the trial court's finding that the disclosure was "given yesterday," the record supports a reasonable inference that the prosecutor willfully violated Crim.R. 16.

Moreover, we cannot interpret defense counsel's failure to request a continuance in so many words as an indication that Wilson would not be prejudiced by the inclusion of Berrien's testimony. A trial court may properly conclude that failure to request a continuance means that the defense counsel is prepared to go forward. *State v. Edwards* (1976), 49 Ohio St.2d 31, 43, 3 O.O.3d 18, 24–25, 358 N.E.2d 1051, 1060. Here, however, defense counsel informed the trial court that he had no opportunity to confer with his client, having been surprised at trial by Berrien's appearance as a witness. Wilson's defense counsel, in renewing his objection to Berrien's testimony, told the trial court that he had "never talked to my client about John Berrien because I just learned about it today." The trial court's discretion in fashioning sanctions under Crim.R. 16 is broad, but not unlimited. The purpose of the sanctions authorized by the rule is to relieve the objecting party of the prejudice created by his adversary's discovery failure. While the least onerous form of sanction is generally preferred, an objecting party is not required to propose it, and the court's adoption of it constitutes an abuse of discretion when on the record before the court that sanction is insufficient to relieve the prejudice the discovery failure has created.

Here, counsel indicated that he had had no opportunity to consult with appellant concerning this new witness, Berrien. In that circumstance, the court could not assume that a continuance would be adequate. Effective representation generally requires more than an interview in a courthouse hallway; it may

require a more lengthy investigation to determine not only what evidence the witness would offer, but also facts relevant to the witness's credibility. See *State v. Parks* (1990), 69 Ohio App.3d 150, 590 N.E.2d 300; *State v. Smith* (1986), 34 Ohio App.3d 180, 517 N.E.2d 933.

Wilson's objection to Berrien's testimony is analogous to an objection to a leading question on direct examination. The objector is not required to suggest the manner in which the question might properly be framed in order to preserve error in the admission of the answer to the leading question. In the case before us, Wilson properly objected to Berrien's testimony under circumstances amounting to a willful violation of Crim.R. 16. Wilson was not required to suggest possible ways in which Berrien might still be able to testify without violating Wilson's rights to due process. It was for the state, as the proponent of the testimony, to suggest that the testimony might properly be received in evidence if a reasonable continuance were afforded to Wilson. As matters stood at the time, Wilson's objection to Berrien's testimony was proper.

We hold that the trial court abused its discretion in allowing Berrien to testify over objection without, at minimum, inquiring into the defense's need for a continuance to prepare both an effective cross-examination of this crucial surprise witness and any available independent evidence impeaching his credibility.

Wilson's sole assignment of error is sustained.

### III

Wilson's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for a new trial.

*Judgment reversed*
*and cause remanded.*

GRADY, P.J., and WOLFF, J., concur.