The STATE of Ohio, Appellee,

v.

BATES, Appellant.

[Cite as *State v. Bates,* 191 Ohio App.3d 85, 2010-Ohio-5636.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 09CA0090.

Decided Nov. 19, 2010.

Stephen Schumaker, Clark County Prosecuting Attorney, and Amy M. Smith, Assistant Prosecuting Attorney, for appellee.

Brett A. Rinehart, for appellant.

---

GRADY, Judge.

{¶ 1} Defendant, Christopher Bates, was convicted, following a jury trial, of abduction, R.C. 2905.02(A)(2), a third-degree felony. The trial court sentenced defendant to the maximum allowable five-year prison term. Defendant timely appealed to this court from his conviction and sentence.

FIRST ASSIGNMENT OF ERROR

{¶ 2} "The trial court erred to the prejudice of defendant and abused its discretion in allowing evidence not disclosed until the day before trial."

{¶ 3} Defendant engaged in telephone conversations with the victim while defendant was in the Clark County Jail. The calls were recorded. Defendant

argues that because he was not given timely discovery of the recorded statements he made during those conversations, the trial court abused its discretion when it admitted the recordings in evidence and failed to order a continuance of the trial on defendant's motion.

{¶ 4} At approximately 3:30 p.m. on September 8, 2009, the day before trial was scheduled to commence, defense counsel went to the prosecutor's office to ask about text messages between defendant and the victim that were referred to in the police reports. The prosecutor at that time produced two compact discs and said, "I only have these." The compact discs contained recorded phone conversations between defendant and the victim.

{¶ 5} Defense counsel was provided with a copy of both compact discs by 4:30 p.m. Defendant filed two motions to continue the trial, one the day before the trial began and another during the trial. Those motions refer only to counsel's need for additional time to prepare for trial, and do not allege discovery violations. The trial court overruled those motions, denying a continuance.

{¶ 6} On the morning of trial, following voir dire, defense counsel made the trial court aware that he had twice asked the bailiff to let him address the court regarding discovery sanctions and that he would like to do that. Defense counsel told the trial court that the state had failed to timely disclose the two compact discs containing recorded phone conversations between defendant and the victim and that defense counsel had not had sufficient time to listen to both compact discs and go over them with defendant; and for those reasons, defendant was requesting that the trial court exclude the compact discs as evidence at trial.

{¶ 7} The prosecutor responded that the existence of the compact discs was disclosed to the defense, along with the fact that the compact discs were available for listening, inspecting, and copying, and that defense counsel did not take advantage of that opportunity until the afternoon of September 8, 2009. Defense counsel disputed that, claiming that the discovery he received mentioned only text messages, not compact discs, and therefore he did not know the compact discs existed until the afternoon before trial. The trial court, after referring to evidence that defense counsel "didn't know about these conversations any earlier than yesterday afternoon," ordered a brief two-and-one-half hour recess, from 11:00 a.m. to 1:30 p.m., to give defense counsel an opportunity to listen to the compact discs and discuss them with defendant.

{¶ 8} When court reconvened, defense counsel indicated that had he been given notice of the existence of the compact discs earlier, he would have filed a motion in limine challenging their admissibility and requested a hearing. Defense counsel challenged the admissibility of the compact discs on relevancy, hearsay, and Evid.R. 404(B) other-crimes, wrongs, or bad-acts grounds. The state responded that defendant's statements on the compact discs put him at the crime

scene, connect him to the victim's injury, and show his motive for committing the alleged crime.

{¶ 9} The trial court overruled defendant's objections to admission of the compact discs, finding that some of defendant's statements were an admission, but the court ordered the compact discs redacted to remove any reference to other crimes. During the testimony of the victim, Kaitlyn Murphy, both compact discs were played for the jury, over defendant's objection "for the reasons previously stated." At the conclusion of the state's case-in-chief, defendant renewed his objection to the two compact discs, which the trial court overruled.

{¶ 10} Defendant argues that he was prejudiced by the state's failure to timely disclose the compact discs and that the trial court abused its discretion when it failed to exclude the compact discs as evidence or impose some other appropriate sanction per Crim.R. 16.

{¶ 11} If a party fails to comply with Crim.R. 16's discovery requirements, the court may order the party to permit discovery, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances. Crim.R. 16(E)(3). It is within the trial court's discretion to decide what sanction to impose for a discovery violation. *State v. Wilson* (1993), 91 Ohio App.3d 611, 632 N.E.2d 1384. A trial court should impose the least severe sanction for a discovery violation that is consistent with the purposes of the rules of discovery. *State v. Thornton*, Montgomery App. No. 20652, 2005-Ohio-3744, 2005 WL 1714208. A continuance, upon proper motion, is a favored method to avoid prejudice that may flow from a failure to provide discovery yet ensure that the charges against an accused are tried timely and fairly. *State v. Chapman* (Sept. 9, 1994), Montgomery App. No. 14076, 1994 WL 567534, *4, citing *State v. Parks* (1990), 69 Ohio App.3d 150, 155, 590 N.E.2d 300.

{¶ 12} In the event of a discovery violation, an inquiry into whether the court abused its discretion in its order must address (1) whether the prosecution's failure to provide discovery was a willful violation of Crim.R. 16, (2) whether foreknowledge of the evidence would have benefitted the accused in the preparation of his defense, and (3) whether the accused was prejudiced by the evidence concerned. *Chapman*, citing *State v. Parson* (1983), 6 Ohio St.3d 442, 6 OBR 485, 453 N.E.2d 689; *State v. Finnerty* (1989), 45 Ohio St.3d 104, 543 N.E.2d 1233. We have previously held that a trial court abuses its discretion when it denies a motion for continuance and provides only a brief adjournment on the day of trial for the defendant to examine the materials that the state should have disclosed earlier. *Parks; Chapman*. However, that outcome requires that the three factors in *Parson* and *Finnerty* be determined adverse to the state. *Chapman*.

{¶ 13} Clark County Loc.R. 16 provides that "[a]ll discovery shall be conducted in accordance with the Ohio Rules of Civil Procedure and the Ohio Rules of Criminal Procedure." Crim.R. 16(B) triggers the prosecutor's duty of disclosure when the defendant makes a written demand for discovery. The state contends that defendant failed to make a written demand. Defendant does not deny that contention, and the record fails to demonstrate otherwise.

{¶ 14} Nevertheless, from the prosecutor's arguments when defendant requested a sanction, it is clear that the state had provided some form of discovery pursuant to Crim.R. 16. Paragraph (A) of the rule provides that "[a]ll duties and remedies are subject to a standard of due diligence * * *." Therefore, the defendant was entitled to believe that the discovery he was given by the state was complete. Absent access to the compact discs containing recorded statements made by the defendant, which is required by Crim.R. 16(B)(1), discovery was incomplete.

{¶ 15} The prosecutor contended that defendant had been made aware of the existence of the compact discs, a matter defendant disputed. The trial court apparently concluded that defendant had been denied the opportunity to timely review the content of the discs to which he is entitled; and to cure the problem, the court granted a brief recess of the trial. Such a measure is generally insufficient when a discovery violation has occurred. *State v. Parks*, 69 Ohio App.3d 150, 590 N.E.2d 300. Neither does the measure relieve a trial court of its duty to determine whether a discovery violation has in fact occurred.

{¶ 16} We have previously criticized the Clark County prosecutor's office for failure to timely disclose the existence of recorded jailhouse telephone conversations. *State v. Davis*, Clark App. No. 08CA0117, 2010-Ohio-5279, 2010 WL 4311743. That failure denies a defendant "information necessary for a full and fair adjudication of the facts," to which he is entitled pursuant to Crim.R. 16(A), and reverts to trial by ambush and surprise. The facts of the present case suggest that a similar failure occurred here. The failure is not justified by the prosecutor's practice of waiting until shortly before trial to review those recordings. Neither is the problem cured by the trial court's grant of a brief recess on the day of trial in order for a defendant to review the recordings. The trial court abused its discretion when it ordered only a brief recess instead of the continuance of the trial that defendant requested.

{¶ 17} The first assignment of error is sustained.

SECOND ASSIGNMENT OF ERROR

{¶ 18} "The defendant-appellant received ineffective assistance of counsel at trial in violation of his Sixth Amendment right to counsel."

{¶ 19} Defendant argues that his trial counsel performed in a deficient manner because he failed to preserve the discovery violation for appellate review by renewing his objection to the state's use and admission of the compact discs during trial on the grounds that the compact discs' untimely disclosure required more than just a brief recess so defense counsel could listen to them. The error assigned is rendered moot by our ruling sustaining the first assignment of error. Therefore, we need not decide the second assignment of error. App.R. 12(A)(1)(c).

{¶ 20} Having sustained the first assignment of error, we will reverse defendant's judgment of conviction and remand the case for further proceedings consistent with our opinion.

Judgment accordingly.

BROGAN and FROELICH, JJ., concur.