JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Desmond Ligon ("defendant") appeals from the judgment of the trial court which found him guilty of possession of drugs. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On May 20, 2002, defendant was indicted on one count of possession of drugs in violation of R.C. 2925.11, one count of trafficking in drugs in violation of R.C. 2925.03, one count of assault on a police officer in violation of R.C. 2903.11 with a peace officer specification, and one count of obstruction of official business in violation of R.C.2921.31. The matter proceeded to a jury trial on October 3, 2002. The apposite facts follow.
 {¶ 3} Officer David Smith of the Cleveland Police Department testified that on March 21, 2002, while he was on patrol duty, he turned onto Gooding Avenue and observed a car stopped in the middle of the street with two males leaning inside of it. As he and his partner approached the vehicle, the two males fled on foot, and the driver immediately turned the vehicle into a driveway. The officer also testified that it was after midnight in an area known for significant drug activity.
 {¶ 4} Officer Smith exited the passenger seat of the patrol car with his gun drawn, after noticing movement of the individuals in the car and fearing that they would exit the car and flee through backyards. Officer Smith found three individuals in the car, two in the front seat and one in the back. Officer Smith ordered the passenger in the front seat out of the car, at which point the officer observed an open bottle of alcohol and a bottle of beer in plain view. He stated that while he was talking with the passenger, Officer Latessa, his partner, removed the defendant who was driving the vehicle. Upon taking him to the back of the vehicle to search him, the defendant allegedly threw his elbow back, striking Officer Latessa in the chest and throwing her into a fence. At that point, the defendant fled on foot. After a short chase, Officer Latessa and Officer Smith managed to apprehend the defendant. The defendant was found with six individual rocks of crack cocaine on his person, which the police believed was packaged for sale. Officer Latessa corroborated Officer Smith's testimony.
 {¶ 5} The defendant presented the testimony of five witnesses at trial, each of whom testified that the defendant was parked in a driveway at the time of the initial investigatory stop, that the defendant did not flee from the driveway when the police approached him, and that he did not resist arrest.
 {¶ 6} On October 7, 2002, the jury returned a guilty verdict on the possession of drugs charges and not guilty on the remaining charges. Appellant was sentenced to a term of seventeen months incarceration. It is from this ruling that defendant now appeals, asserting four assignments of error for our review.
 {¶ 7} "I. The trial court erred by denying defendant-appellant's motion for continuance based upon the fact that written discovery responses were not provided by the prosecution until the day of trial, as required by Rule 16 of the Ohio Rules of Criminal Procedure."
 {¶ 8} "II. The defendant-appellant was denied his right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution when the trial court denied defendant-appellant's motion for continuance."
 {¶ 9} We address together the defendant's first and second assignments of error, which challenge the propriety of the trial court's decision to deny a motion for continuance.
 {¶ 10} The defendant contends that the trial court abused its discretion in denying the motion to continue after the prosecutor provided him with a written response to a discovery request on the morning of trial, leaving him little time to prepare for the trial. Specifically, the defendant avers that the state's delay in disclosing written responses to discovery denied him of his ability to present a credible defense. The defendant also maintains that the trial court's denial of his motion for continuance deprived him of due process of law. We disagree.
 {¶ 11} A trial court is given broad discretion in deciding whether or not to grant a continuance of trial proceedings. State v. Unger
(1981), 67 Ohio St.2d 65, syllabus. A reviewing court will not reverse the denial of a continuance absent an abuse of discretion. Id. "Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The Supreme Court of Ohio has explained this standard as follows:
 {¶ 12} "An abuse of discretion involves far more than a difference in * * *opinion* * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such a determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 13} In Unger, supra, the Ohio Supreme Court set forth a balancing test to determine whether a motion for continuance should be granted. When evaluating a motion for continuance, a court should consider the length of delay, whether other continuances have been granted, the inconvenience to litigants, witnesses, opposing counsel and the court, whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived, whether the moving party contributed to the circumstances which give rise to the request for a continuance, and any other relevant factors, depending on the unique facts of each case. Unger, 67 Ohio St.2d at 67-68.
 {¶ 14} With regard to the failure to disclose evidence, generally the failure to provide a defendant with discovery until the day of trial is generally evidence per se of the defendant's inability to effectively present a credible defense. State v. Smith (1986), 34 Ohio App.3d 180. A trial court generally abuses its discretion when refusing to continue a trial after the prosecution disclosed a surprise witness the day before trial. State v. Wilson (1993), 91 Ohio App.3d 611.
 {¶ 15} The record reflects that on August 22, 2002, the defendant pled not guilty to the indictment and counsel was assigned. On August 23, 2002 the first pretrial was set for August 29, 2002. On September 9, 2002, a pretrial was held and continued to September 18, 2002. A trial date was set for October 3, 2002. On September 25, 2002 a pretrial was held and continued to September 26, 2002 at the request of the defendant. On October 1, 2002 the defendant filed a motion for continuance citing two reasons for his request: 1.) that he had not yet received responses to his discovery requests from the prosecution and 2.) that counsel for the defendant was out of town for a family emergency during the week prior and was not able to further investigate and prepare for trial. On October 3, 2002 the prosecution filed a response to request for discovery. On October 7, 2002, the trial court denied the defendant's motion for continuance. On October 9, 2002, the matter proceeded to trial.
 {¶ 16} Prior to the start of trial, the court was informed that the defendant had not received discovery until that morning. The prosecutor explained that he inadvertently failed to send a copy of the discovery responses to the defendant, although he had filed them with the clerk's office. The prosecutor further stated that he handed the discovery responses to the defendant's trial counsel the first thing that morning.
 {¶ 17} The defendant alleges generally that he was unfairly prejudiced by the state's delay in providing discovery responses. The defendant, however, does not articulate specifics with regard to how his defense was compromised by the state's inadvertent mistake. A review of the record reveals that there were no written or oral statements by the defendant or any other witness which the state was required to provide prior to trial, nor was there any exculpatory evidence. The response to discovery presented by the state revealed that the state only intended to call the arresting officers as witnesses. The record also revealed that defense counsel extensively interviewed one of the prosecution's two witnesses at a pretrial.
 {¶ 18} After hearing arguments from the prosecution and defense, the trial court, in essence, determined that the defendant had not been prejudiced by the discovery delay. She determined that the defendant had ample time to review the discovery responses. Specifically, she noted that because the trial judge had been engaged all morning, defense counsel was afforded more time to review the discovery.
 {¶ 19} As stated above, the state presented only the two arresting officers to support the charges against the defendant, defense counsel extensively interviewed one of the officers at pretrial, the second officer was made available to defense counsel, no other statements were being offered against the defendant and there were no surprise witnesses presented to the defense on the morning of trial. In light of these circumstances, the trial court made a finding on the record that defense counsel had effectively pretried the case and that the prosecution was willing to make its witnesses available to the defense. We cannot say that the trial court's decision to deny the defendant's motion for continuance was unreasonable, arbitrary or unconscionable. We therefore overrule this assignment of error.
 {¶ 20} "III. Trial counsel's failure to move for a motion to suppress denied Mr. Ligon effective assistance of counsel at trial in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and under Article I, Section 10 of the Ohio Constitution."
 {¶ 21} The defendant maintains in his third assignment of error that his trial counsel was ineffective for failing to move for a motion to suppress evidence. We disagree.
 {¶ 22} In establishing a claim of ineffective assistance of trial counsel, it is clear that a defendant must make a two-part showing:
 {¶ 23} "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless the defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable."Strickland v. Washington (1986), 466 U.S. 668, 687. Accord State v.Bradley (1989), 42 Ohio St.3d 136 paragraph two of the syllabus. TheStrickland Court also cautioned courts examining the issue that:
 {¶ 24} "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac (1982), 456 U.S. 107, 133, 134,71 L.Ed.2d 783, 102 S.Ct. 1558. * * * Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." 466 U.S. at 689. See, also, State v. Frazier (1991),61 Ohio St.3d 247, 253. Furthermore, trial counsel's failure to file a motion to suppress does not per se constitute ineffective assistance of counsel. Kimmelman v. Morrison (1986), 477 U.S. 365, 384. A criminal defendant must show that the failure to file the motion to suppress caused him prejudice. State v. Robinson (1996), 108 Ohio App.3d 428,433. Thus, the failure to file a motion to suppress constitutes ineffective assistance of counsel only when the record establishes that the motion would have been successful if made. Id. "However, even when some evidence in the record supports a motion to suppress, we presume that defense counsel was effective if `the defense counsel could reasonably have decided that the filing of a motion to suppress would have been a futile act.'" State v. Brown, Warren County App. No. CA2002-03-026, 2002-Ohio-5455 citing State v. Edwards (July 11, 1996), Cuyahoga App. No. 69077, citing State v. Martin (1983), 20 Ohio App.3d 172. The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. Katz v. United States (1967), 389 U.S. 347. A common exception to the Fourth Amendment warrant requirement is an investigative stop, or Terry stop. Terry v. Ohio (1968), 392 U.S. 1. Under Terry, a police officer may briefly stop and detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that "criminal activity may be afoot," even if the officer lacks probable cause to make an arrest. Id.
 {¶ 25} The defendant maintains that the contradictory testimony between his witnesses and the officers regarding the location of his vehicle at the time of the initial stop demonstrates that the police officers lacked reasonable suspicion to stop the defendant. Therefore, he argues, any evidence obtained as a result of the investigatory stop should have been excluded at trial. We disagree with the defendant.
 {¶ 26} In this case, Officer Smith testified that he and his partner were patrolling after midnight in an area known for drug activity. They turned onto Gooding Avenue and found a car in the middle of the street, with two males leaning inside the car. As they approached, the two males fled on foot and the driver immediately turned the vehicle into a driveway. Officer Smith also testified that he was aware of the high drug activity on this street from his experience as an officer as well as from numerous citizen complaints. He had made two drug arrests in that driveway alone in the two weeks prior to the defendant's arrest. We find that Officer Smith had a reasonable suspicion supported by articulable facts that criminal activity was afoot.
 {¶ 27} Therefore, we find the Terry stop was proper and a motion to suppress would not have been successful. In the absence of prejudice to the defendant, trial counsel's failure to file a motion to suppress does not constitute ineffective assistance of counsel.
 {¶ 28} We find the defendant's remaining assignment of error moot.
Judgment affirmed.
KENNETH A. ROCCO, A.J., AND TIMOTHY E. MCMONAGLE, J., CONCUR.