OPINION
Defendant Eric Scott Patterson appeals a judgment of the Court of Common Pleas of Muskingum County, Ohio, convicting and sentencing him for one count of involuntary manslaughter in violation of R.C. 2903.04(A) based upon the underlying felony of child endangerment in violation of R.C. 2919.22. The jury found appellant caused physical harm during the commission of the offense. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION AND HIS RIGHT TO PRESENT A DEFENSE UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION 10 OF THE OHIO CONSTITUTION BY EXCLUDING THE TESTIMONY OF APPELLANT'S EXPERT WITNESS.
 SECOND ASSIGNMENT OF ERROR
 APPELLANT'S CONVICTION VIOLATED HIS RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN APPELLANT'S CONVICTION.
Appellant's three-year old daughter died on December 18, 1994. The State presented the testimony of the Franklin County Coroner, who gave as his expert medical opinion the child died as a result of blunt force, to the abdomen, causing subsequent perforation of her intestines, with peritonitis and leakage of bile into her abdomen. The coroner testified he believed the blunt force trauma occurred about a day before the child actually died. Specifically, the blunt force to the abdomen compressed the child's bowels against her back bone, causing the bowel to burst and its contents to leak into her abdomen. The child also had multiple bruises on her chest, abdomen, arms, legs, and back. The coroner who examined the child testified some of the bruises appeared old and healing, some appeared very recent, and some were post-mortem injuries.
The coroner testified the amount of force necessary to produce the injury the child suffered to her abdomen would be moderate to severe. The parents had reported the child fell down a flight of steps some time previous to the date. The coroner testified the history given at the hospital, and the findings on the autopsy, were inconsistent with a fall down a flight of stairs, although the coroner admitted he was not familiar with the stairs at the child's home. The coroner testified neither the internal injuries nor the external injuries would have resulted from a fall approximately a week prior to the death as reported by the parents. Additional, the placement and appearance of the bruises were not, in the coroner's opinion, the type ordinarily sustained in falling injuries.
The jury found appellant not guilty of murder, but guilty of involuntary manslaughter, a lesser included offense.
 I
In his first assignment of error, appellant argues the trial court abused its discretion and violated his constitutional rights by curtailing his ability to present a defense to the charges. Specifically, the trial court excluded the testimony of appellant's expert witness, Thomas Fuller. Appellant proffered Fuller's report, which indicated problems with the collection of evidence and maintenance of the crime scene. Fuller offered the opinion the bruises could have occurred within 24 hours prior to the child's death, or during resuscitation efforts by EMS and emergency room doctors. Fuller also hypothesized at least some of the injuries the child sustained had been inflicted by appellant's Rottweiler dog. The trial court excluded the evidence because it found Fuller, a criminologist, was not qualified to testify as an expert regarding medical matters, and because the report had not been delivered to the State until the day before trial.
Appellant argues Fuller's report was not intended as a medical report, but rather as a report from a law enforcement professional with expertise in investigating matters such as collection of evidence and analysis of the evidence. Fuller's report did not dispute the conclusion regarding the cause of death, but focused on the source and type of blunt force trauma which resulted in the child's death. Appellant also argues Fuller's expertise was a matter of weight of the evidence for the jury to determine.
Evid.R. 702 provides:
 A witness may testify as an expert if all of the following apply:
 (A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons.
 (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 (C) The witness' testimony is based on reliable scientific, technical, or other specialized information. To the extent that the testimony reports the result of a procedure, test, or experiment, the testimony is reliable only if all of the following apply:
 (1) The theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts, or principles;
 (2) The design of the procedure, test, or experiment reliably implements the theory;
 (3) The particular procedure, test, or experiment was conducted in a way that will yield an accurate result.
Contrary to appellant's argument, determination of whether a witness is qualified to offer testimony is an issue for the court to determine in the exercise of its sound discretion, State v.Maupin (1975), 42 Ohio St.2d 473. The trial court must determine whether the expert meets the threshold requirements under the Evidence Rule before submitting the matter for the jury's factual evaluation. This court may not reverse a trial court's decision unless we find the court abused its discretion. The Supreme Court has repeatedly defined the term abuse of discretion as showing the trial court's judgment is unreasonable, arbitrary or unconscionable, see State v. Adams (1980), 62 Ohio St.2d 151,157.
Regarding the timeliness the appellant's disclosure of the identity of this expert to the prosecution, pursuant to Crim.R. 16(E) the court may impose sanctions if it finds a party has violated its discovery orders. In Lakewood v. Papadelis (1987),32 Ohio St.3d 1, the Ohio Supreme Court held that a trial court must inquire into the circumstances surrounding the discovery rule violation, and must impose the least severe sanction consistent with the purposes of the rules of discovery. In State v. Howard
(1978), 56 Ohio St.2d 328, the Ohio Supreme Court explained the philosophy of the discovery rules is to remove the element of "gamesmanship" from the trial, and to prevent surprise and secreting of evidence, Howard at 333.
We find the trial court did not err or abuse its discretion in excluding this proffered evidence.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant urges his conviction was against the sufficiency and manifest weight of the evidence.
In the recent case of State v. Thomkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court discussed the similarities and distinctions between the concepts of sufficiency and weight of the evidence. The Supreme Court noted the legal concepts are both qualitatively and quantitatively different. Sufficiency of the evidence refers to the legal standard applied to determine of whether the evidence is sufficient to support a verdict as a matter of law, Thomkins at 386, citations deleted. Even when a judgment is sustained by sufficient evidence as a matter of law, the judgment may nevertheless be against the weight of the evidence, because the concept of weight of the evidence concerns the amount of credible evidence offered in a trial in support of one side of the issue, Thomkins at 387, citations deleted. Sufficiency of the evidence in a jury trial is the determination the trial court makes in deciding to submit the matter to the jury rather than entering an acquittal as a matter of law. Weight of the evidence refers to the function of the jury in making a factual determination regarding the credibility of the witnesses and the evidence.
We have reviewed the record on appeal, and we find the evidence sufficient as a matter of law, and also find that the manifest weight of the evidence supports the jury's verdict that the State had proven the charges beyond a reasonable doubt.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Wise, J., concur
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.