OPINION
Appellant Leonard Johnson appeals a judgment of the Richland County Common Pleas Court convicting him of Rape in violation of R.C. 2907.02:
ASSIGNMENTS OF ERROR:
 I. THE APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO PRESENT A DEFENSE AND HIS RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL WHEN THE TRIAL COURT EXCLUDED A DEFENSE WITNESS FOR NONCOMPLIANCE WITH DISCOVERY WITHOUT BALANCING THE STATE'S RIGHT TO DISCOVERY AGAINST DEFENDANT'S SIXTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.
 II. THE INTENTIONAL MISCONDUCT OF THE PROSECUTOR DENIED APPELLANT A FAIR TRIAL AS GUARANTEED HIM BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 III. THE JURY'S VERDICT OF GUILT ON THE SINGLE COUNT OF RAPE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 IV. APPELLANT WAS DENIED DUE PROCESS OF LAW AND A FAIR TRIAL WHEN THE TRIAL COURT PERMITTED PREJUDICIAL HEARSAY STATEMENTS WHICH WERE NOT STATEMENTS PERTINENT TO TREATMENT OR MEDICAL DIAGNOSIS UNDER OHIO RULE OF EVIDENCE 803(4).
 V. APPELLANT WAS DENIED COMPETENT REPRESENTATION IN VIOLATION OF THE SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO (1) OBJECT TO THE PROSECUTION'S STATEMENTS IN CLOSING AND (2) FAILED TO OBJECT TO THE PREJUDICIAL HEARSAY STATEMENTS OF THE TRIAGE NURSE.
Brenda Long planned a Labor Day barbeque for the evening of August 30, 1997. She invited a few friends, who in turn invited some of their friends. Although she did not know appellant well enough to invite him to the party, he showed up at the party. Brenda saw appellant at the party, while socializing with her friends, but did not talk to him.
When the party broke up, appellant did not leave, and passed out on Brenda's sofa. She attempted to wake him, but could not wake him. She decided rather than have him drive home intoxicated, she would allow him to sleep on her sofa. Brenda had been injured in a car accident with a drunk driver, and as a result, would allow persons who were intoxicated to sleep on her sofa, rather than have them drive home.
Brenda went into her bedroom, and fell asleep. She was awakened by appellant. She asked appellant what he was doing in her bedroom, and he stated that he was going to "get some." Appellant attempted penile penetration, but was unsuccessful. He then pushed her legs up to her shoulders, and performed oral sex on her. Brenda begged appellant to stop, as he was very rough, "like he was eating a piece of chicken or something." Tr. 48. Brenda's attempt to fight appellant off were of no avail.
Subsequently, Brenda was in great pain, and bleeding from her vagina. Zandria Caldwell, a friend of Brenda's, stopped by Brenda's house after church. She noticed that Brenda was walking very slowly, was in obvious pain, and was very upset. Brenda told Zandria that appellant had raped her. Zandria called a rape hotline for Brenda, and took her to the hospital.
At the hospital, a rape kit was performed on Brenda. Brenda's vaginal area was swollen, consistent with a trauma injury. In addition, Brenda had a five millimeter fissure inside her vagina. A fissure is similar to an abrasion, but requires more force, as the skin is split.
Appellant was indicted by the Richland County Grand Jury with one court of Rape. The case proceeded to jury trial in the Richland County Common Pleas Court. Appellant testified that on the night of the party, he and Brenda had consensual sex in the living room before the party guests arrived, but he denied forcing Brenda to have sex with him the next morning.
Appellant was convicted as charged. He was sentenced to five years incarceration.
 I.
In his first Assignment of Error, appellant argues that the court erred in excluding the testimony of Harold Edmondson, based on appellant's violation of the discovery rules.
The record reflects that prior to trial, counsel for appellant orally notified the prosecution that appellant intended to present an alibi witness identified only as "Harold". However, defense counsel later informed the prosecutor that Harold would not be used as a witness, as his testimony was not clear concerning the date on which he claimed he saw appellant at a location other than the victim's apartment.
At trial, the victim testified that she was never formally introduced to appellant. At the beginning of the second day of trial, counsel for appellant expressed an intention to call Harold Edmondson as a witness. Counsel represented that Harold would testify that he formally introduced Brenda to appellant, that appellant had visited Brenda's home, and that approximately one month before the party, Harold and appellant had several drinks at the victim's home. The court concluded that the testimony was marginally relevant to one of the issues in the case, but because the issue was peripheral to the main issue of the case, and the witness was not disclosed in discovery, the court would exclude the testimony.
Pursuant to Crim.R. 16(C)(1)(c), upon an appropriate motion for discovery, the defendant must furnish the prosecuting attorney a list of the names and addresses of the witnesses he intends to call at trial. As a sanction for noncompliance, the court may prohibit a party from introducing into evidence material not disclosed in discovery. Crim.R. 16(E)(3).
In the instant case, the State provided discovery to appellant. Pursuant to Loc.R. 3.02, appellant then became obligated to provide reciprocal discovery to the State. In fact, appellant did provide the name and address of defense witness Porter Durham prior to trial.
The philosophy of the criminal rules is to remove the element gamesmanship from a trial. State v. Howard (1978), 56 Ohio St.2d 328,333. The discovery rules are clear, unambiguous, and designed to prevent unfair surprise at trial. State v. Cochran
(April 10, 1991), Richland App. No. CA-2801, unreported.
The court did not err in excluding the testimony of Harold Edmondson as a sanction for appellant's failure to disclose the name of the witness at trial. Contrary to appellant's argument that he had disclosed the witness prior to trial, appellant had given the prosecutor only a first name of the witness, and identified him as a potential alibi witness. Counsel for appellant then told the prosecutor that due to problems with Harold's testimony, he did not intend to call him at trial. It was not until the morning of the second day of trial that the witness was more clearly identified. The record does not reflect that the address of the witness was ever given to the prosecutor.
The court did not abuse its discretion in excluding the testimony of the witness as a sanction for failure to comply with discovery. According to the proffer made by counsel for appellant, Harold would testify that he had introduced Brenda Long to appellant sometime before the Labor Day barbeque. This testimony was relevant solely to contradict Brenda Long's testimony that she did not know appellant well, and had never been formally introduced to him. The record does not reflect that Harold had any pertinent information to relate concerning the actual incident itself. As the testimony was relevant only to a peripheral issue in the case, and appellant clearly violated the rules of discovery, the court did not err in excluding the testimony at trial.
The first Assignment of Error is overruled.
 II.
Appellant argues that the prosecutor committed misconduct in closing argument.
We note at the outset that appellant failed to object to either alleged instance of prosecutorial misconduct. Error not raised in the trial court must be plain error in order to reverse.State v. Long (1978), 53 Ohio St.2d 91. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. Id. Plain error does not exist unless but for the error, the outcome of the trial would clearly have been otherwise. State v. Nicholas
(1993), 66 Ohio St.3d 431.
The test concerning prosecutorial misconduct in closing argument is whether the remarks were improper, and if so, whether they prejudicially affected the substantial rights of the defendant. E.g., State v. Smith (1984), 14 Ohio St.3d 13, 14.
Appellant specifically objects to two comments by the prosecutor in closing arguments: .
. . Brenda was visibly shaken; she was emotional; she was crying. You heard numerous witnesses state that; the doctors, the nurses, her friends. She was injured, she wasn't her normal happy self. She has this fissure inside her vagina. She's swollen, she's sore, she can hardly walk. If this is an act, she's better than anyone in Hollywood. She deserves an academy award. But it's not an act. She has the physical injuries to prove it . . . .
Tr. 280.
 . . . I'm telling you that there is no reasonable doubt in this case the Leonard Johnson did rape Brenda Long . . . .
Tr. 304.
In closing argument, the prosecutor can bolster his own witnesses, and conclude by saying, in effect, "the evidence supports the conclusion that these witnesses are telling the truth." State v. Draughn (1992), 76 Ohio App.3d 664. He cannot say that he personally believes the witnesses, because such argument invades the province of the jury, and invites the jury to decide the case based upon the credibility and status of the prosecutor. Id.
Appellant argues that the prosecutor's comment that Brenda was not acting is an improper comment on her credibility. We disagree. The prosecutor did not imply that he personally believed her testimony. He based his argument concerning her credibility on the testimony of the other witnesses and the physical evidence in the case.
As to the second comment, appellant argues that the prosecutor's use of the phrase "I am telling you" is an impermissible comment on his personal belief in the strength of his case. We disagree. Although perhaps the prosecutor should have used a phrase such as, "I submit to you," his choice of phraseology did not, as an isolated comment, rise to the level of prosecutorial misconduct.
The second Assignment of Error is overruled.
 III.
Appellant argues that the judgment of conviction is against the manifest weight of the evidence. Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. State v. Thompkins (1997), 78 Ohio St.3d 380,387. When a Court of Appeals reverses a judgment of the trial court on the basis that the verdict is against the weight of the evidence, the Appellate Court sits as a thirteenth juror, and disagrees with the fact finders resolution of the conflicting testimony. Id. The discretionary power to grant a new trial should be exercised only in exceptional case in which the evidence weighs heavily against conviction. Id.
Brenda Long testified that appellant came into her bedroom early in the morning of August 31, 1997, while she was asleep. She asked him what he was doing, and he stated that he was going to "get some." According to the testimony of Brenda Long, appellant forcibly pushed her legs up to her shoulders, and performed very rough oral sex on her. According to Brenda's testimony, she begged him to stop, but he did not comply.
Alvin Corbin testified that he was at the party at Brenda's house the previous evening, and she was not intoxicated. He testified that Brenda and appellant were not together at any point during the party. He further testified that when he went to visit her the day after she returned from the hospital, she was not her usual self, as she was crying, emotional, and frightened.
Zandria Caldwell was called to testify by the trial court. Zandria was a very reluctant witness, as she is a friend of the victim, but her boyfriend is a friend of appellant's. She testified that when she stopped by Brenda's house on Sunday, Brenda was walking very slowly, was in obvious pain, and was very upset. Brenda then told her that appellant had raped her. Zandria called a rape hotline for Brenda, and took her to the hospital. Sometime later, Zandria heard appellant spouting off to friends concerning raping Brenda. Patrolman Gillis of the Mansfield Police Department spoke with Brenda at the hospital emergency room. He said she was crying, fearful, angry, and emotional. Brenda picked appellant from a photo array, and appellant was subsequently arrested. When appellant was arrested, he told Patrolman Gillis that he was at Brenda's party, drank too much, and passed out. He told the patrolman that when he woke up in the morning, he had consensual sex with Brenda. This statement to the police differed from his trial testimony, in which he claimed that he had consensual sex with Brenda the night before the party, but not the morning of the alleged rape.
Medical evidence was admitted that Brenda was swollen, and had a five millimeter fissure inside her vagina. There was medical evidence that it would be unlikely that rough consensual sex would cause the fissure observed in Brenda's vagina.
Although appellant's testimony differs from that of the other witnesses in the case, there was sufficient credible evidence to support the verdict.
The third Assignment of Error is overruled.
 IV.
Appellant argues that the court erred in admitting the hearsay testimony of the triage nurse, Rebecca Schulte. Appellant argues that the court erred in admitting her testimony pursuant to the hearsay exception for statements given for purposes of medical treatment. Evid.R. 803(4).
We again note that appellant failed to object, and we, therefore, must find plain error to reverse.
Appellant argues that the statements Brenda made to the nurse concerning the identify of her attacker, and what appellant said to her during the rape were not reasonably pertinent for medical treatment or diagnosis, and were inadmissible pursuant to Evid.R. 803(4). However, this evidence could have been admitted pursuant to Evid.R. 803(2) as an excited utterance. The prosecutor questioned both the emergency room nurses and the doctor about the mental state of Brenda Long at the time she was being treated. The witnesses testified that she was very emotional, upset, trembling, and fearful. Her speech pattern was rapid, and she kept repeating herself. She was treated at the hospital only hours after the occurrence of the crime.
To be admitted as excited utterance, the statement must be made while the declarant is still under the stress of the event, and may not be the result of the declarant's reflective thought.State v. Taylor (1993), 66 Ohio St.3d 295. The record reflects that Brenda was still under the stress of the event at the time she made the statement to the nurse. The court did not commit plain error in admitting the hearsay evidence.
The fourth Assignment of Error is overruled.
 V.
Appellant argues that counsel was ineffective for failing to object to improper comments of the prosecutor in closing argument (Assignment of Error II.), and for failing to object to the hearsay testimony of Rebecca Schulte (Assignment of Error IV.).
Counsel is not ineffective unless his performance fell below an objective standard of reasonable representation, and the defendant was prejudiced by such performance. Strickland v. Washington
(1984), 466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136,cert. denied, 497 U.S. 1011. To show prejudice, the defendant must show that had counsel not erred, there is a reasonable probability that the outcome of the proceeding would have been different. Id.
As to the failure to object to the comments of the prosecutor in closing argument, as discussed in Assignment of Error II. above, these comments did not rise to the level of reversible prosecutorial misconduct. Therefore, appellant has not shown that had the comments not been made, he would have been acquitted.
As discussed in Assignment of Error IV., the hearsay statements given by Brenda to the nurse at the hospital were admissible under the excited utterance exception to the hearsay rule. Therefore, had counsel objected on the basis they were not admissible pursuant to Evid.R. 803(4), appellant has not demonstrated that such objection would have been sustained. Further, the statements given to the nurse at the hospital were repetitive of Brenda's testimony at trial and the testimony of other witnesses. Appellant has, therefore, not demonstrated that he would have been acquitted had the hearsay statements been excluded.
The fifth Assignment of Error is overruled.
The judgment of the Richland County Common Pleas Court is affirmed.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Common Pleas Court is affirmed. Costs to appellant.