DECISION AND JUDGMENT ENTRY,
KNEPPER, J.
 {¶ 1} This is an appeal from the judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant guilty of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree. Appellant was sentenced to five years incarceration, which was ordered to be served consecutively to the sentence imposed in case number CI99-2084, and granted credit for time served. For the following reasons, we affirm the judgment and sentence of the trial court.
 {¶ 2} The pertinent facts are as follows. Jeremy Bell testified that, on January 31, 2002, shortly after 11:00 p.m., he was on a pay phone with Rashida Carpenter when appellant approached him. Bell testified that he dropped the phone and ran, but he tripped and appellant hit him with a chrome bar on the head, causing Bell to lose consciousness. Ms. Carpenter, Bell's then-girlfriend and mother of appellant's child, testified that shortly after she lost contact with Bell on the phone, appellant showed up at her door with bloody hands and told her to go get Bell "off the corner." Several months after the assault, appellant told Carpenter that the reason he fought with Bell was that "his mouth was too big."
 {¶ 3} In appellant's behalf, Raquel Short testified that appellant was with her at her place of work, St. Paul's Community Center ("St. Paul's"), at 12:00 midnight on February 1, 2002, and stayed until approximately 3:00 a.m. Short testified that appellant came to her house between 11:15 and 11:30 p.m. and that he drove her to work at 11:45 p.m. Short testified that appellant had driven her to work about 12 times and that it was a normal occurrence for him to stay a few hours during the beginning of her shift to help secure the center for the night.
 {¶ 4} The state called Jennifer Matuszewski, who was a supervisor at St. Paul's, to rebut appellant's alibi witness. Defense counsel objected to Matuszewski being allowed to testify because the state had failed to identify her as a potential witness, pursuant to appellant's discovery request and Crim.R. 16(B)(1)(c). The defense did not request a continuance to allow time to prepare for this rebuttal witness. The trial court allowed Matuszewski to testify because she was a rebuttal witness. Matuszewski testified that she reviewed the daily log sheets at St. Paul's. She stated that Short signed in at 11:00 p.m. on January 31, 2002, but that there was no sign-out time. She also testified that, in a different shade of blue ink, the name "Tim Hicks" was written in parenthesis near Short's name on the log-in sheet. According to Matuszewski, no other log-in sheets contained appellant's name. Matuszewski further testified that St. Paul's had a rule against employees having visitors at the facility.
 {¶ 5} Appellant appeals his conviction and raises the following assignments of error:
 {¶ 6} "First Assignment of Error
 {¶ 7} "The court erred, to the prejudice of appellant, in allowing the testimony of the state's rebuttal witness as said witness had not been disclosed to appellant prior to trial.
 {¶ 8} "Second Assignment of Error
 {¶ 9} "The conviction of appellant should be overturned due to the ineffective assistance of trial counsel."
 {¶ 10} In his first assignment of error, appellant argues that the trial court abused its discretion by allowing the state to present a witness, Jennifer Matuszewski, to rebut the alibi testimony of defense witness Racquelle Short. We disagree.
 {¶ 11} The trial court's decision to admit or exclude a rebuttal witness will only be reversed upon a showing of abuse of discretion.State v. Finnerty (1989), 45 Ohio St.3d 104, 107. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. [Citations omitted.]" State v. Adams (1980), 62 Ohio St.2d 151, 157. A reviewing court should not substitute its judgment for that of the trial court. See State v. Jenkins (1984), 15 Ohio St.3d 164, 222.
 {¶ 12} In State v. Howard (1978), 56 Ohio St.2d 328, 333, the Ohio Supreme Court held that "[t]he state should furnish upon a proper demand the names of all witnesses it reasonably anticipates it is likely to call, whether in its case-in-chief or in rebuttal." However, in Howard, the court held that the trial court had not abused its discretion by allowing the testimony of a previously undisclosed rebuttal witness when the objecting party had only requested exclusion of the testimony, and had not requested a continuance. The court noted that when no request for a continuance has been made, the trial court may properly conclude that defense counsel is prepared to go forward at that time. Id. at 108, citing State v. Edwards (1976), 49 Ohio St.2d 31, 43. Additionally,Howard noted that the jury was instructed to limit the rebuttal witness' testimony to the issue of the defendant's credibility.
 {¶ 13} Based on the holdings in Howard and Edwards, the Ohio Supreme Court noted in Finnerty, supra, that "failure to comply with a discovery request for names of witnesses does not automatically result in exclusion of their testimony." Rather, there are several sanctions which a court may impose upon a party who fails to comply with a discovery request: "* * * the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." Finnerty at 107, citing Statev. Parson (1983), 6 Ohio St.3d 442, 445; and Crim.R. 16(E)(3).
 {¶ 14} In Finnerty, the Ohio Supreme Court held that, because the undisclosed rebuttal witness could not have testified in the state's case-in-chief, the state could not have "reasonably [anticipated]" that it would be able to use the witness to rebut testimony as to the defendant's character. The court noted that "[t]he prosecution could use the testimony of the rebuttal witness only if appellee first put his character into evidence," and stated, "the prosecution could not have known that it would be able to use this rebuttal witness until it heard the defense witnesses testify that [defendant] was a peaceful, non-violent man." Finnerty at 108 and 109.
 {¶ 15} Additionally, the court in Finnerty held that the defendant should not have been surprised by the rebuttal witness' testimony since it concerned a statement that he allegedly made and, hence, should have been within his knowledge. Id. at 108. Finnerty further held that the trial court had not abused its discretion in allowing the testimony of a previously undisclosed rebuttal witness where the only sanction sought by the opposing party was exclusion of the testimony, no continuance was requested, and the testimony of the witness was limited to rebutting the defense's witnesses regarding the defendant's character and mental state, neither of which could have been raised in the state's case-in-chief.
 {¶ 16} According to Crim.R. 12.1, a notice of alibi must "include specific information as to the place at which the defendant claims to have been at the time of the alleged offense." In this case, appellant's notice of alibi only stated the following: "Defendant alleges that from approximately 11:00 p.m. January 31, 2002 until 12:30 a.m. February 1, 2002 he was with Raquel Short." Despite the fact that appellant failed to specify the location where he claimed to have been at the time of the offense, the state had Matuszewski immediately available at the conclusion of the defense's case to rebut Short's testimony, by testifying as to the log-in sheets and St. Paul's policy regarding visitors. Appellant claims that the fact that the state had Matuszewski at-the-ready to testify demonstrates that the state reasonably anticipated calling her as a witness and, therefore, should have disclosed her as a potential witness. Appellant further argues that the trial court abused its discretion in not precluding her testimony.
 {¶ 17} We, however, find that the trial court did not abuse its discretion in allowing Matuszewski's testimony. The defense did not request a continuance to have more time to prepare; instead, the defense only requested the most stringent sanction, exclusion of the testimony. As held in Edwards, supra, when counsel fails to ask for a continuance in such instances, a trial court may properly conclude that defense counsel is prepared to go forward at that time. Additionally, it is clear from the record that defense counsel conducted a thorough cross-examination of Matuszewski, drawing out that Matuszewski was not Short's supervisor, never worked the same shift as Short, and would have no way of knowing how often appellant stayed at the facility during Short's shift or whether he was actually there that evening. Defense counsel also highlighted the fact that if visitors were not permitted, that could account for the absence of appellant's name on other log-in sheets.
 {¶ 18} Additionally, we find that Matuszewski's testimony could not have been brought up in the state's case-in-chief because it did not become relevant until Short testified regarding appellant's whereabouts during the time of the incident. Although the state could speculate regarding what appellant's alibi would be, appellant never specified in his notice of alibi where he was at the time of the assault. As was the case in Finnerty, we find that the prosecution in this case could not have "reasonably [anticipated]" that it would be able to use Matuszewski's testimony to rebut appellant's alibi witness until the alibi was offered.
 {¶ 19} Moreover, we find that appellant should not have been surprised by the rebuttal witness' testimony since it concerned log-in sheets that were filled in, at St. Paul's, by Short, while appellant was allegedly in her company. Thus, the content of the log-in sheet on the night in question should have been within appellant's knowledge. We further find that Matuszewski's testimony was solely offered as rebuttal and was limited to matters testified to by Short.
 {¶ 20} Based on the foregoing, we find that the trial court did not abuse its discretion in allowing Matuszewski's testimony. Appellant's first assignment of error is therefore found not well-taken.
 {¶ 21} In his second assignment of error, appellant argues that he was denied the effective assistance of counsel. Specifically, appellant argues that his trial counsel failed to properly investigate matters relating to Short's alibi testimony, such as, investigating into the employment policies regarding time-keeping and records at St. Paul's, discovering the logs and inconsistencies which they apparently contained, and discovering Matuszewski as a potential witness. Appellant also argues that trial counsel was ineffective and fell far below acceptable levels of representation when she decided to call a witness "who was so easily and thoroughly rebutted without investigating the claims of the witness." Appellant further argues that trial counsel's performance was deficient for failing to request a continuance when presented with the state's rebuttal witness to allow time to investigate "this most damaging evidence" and for failing to request a limiting instruction.
 {¶ 22} Appellant further argues that he was prejudiced because, had the information Matuszewski provided been know to appellant, "the strategy of the defense would have been very different indeed" as "[n]o competent defense attorney would have called Ms. Short as a witness knowing that the employment records would have been so damaging to the client unless he or she was fully prepared to offer a reasonable explanation." Appellant also asserts that, had the existence of Matuszewski been know to the defense, "it is extremely likely that a plea would have been entered." Appellant further asserts that he was prejudiced by trial counsel's representation because:
 {¶ 23} "* * * by presenting a witness without having investigated any of the allegations which were made in rebuttal, appellant was made, by counsel, to appear untruthful and devious to the jury. Assume, for argument's sake, that the jury did not find the State's witnesses in its case-in-chief to be entirely credible. It could not possibly, however, ignore the destructive effect that the testimony of Ms. Matuszewski had on the sole defense witness."
 {¶ 24} In Ohio, a properly licensed attorney is presumed competent and the burden is on the appellant to show counsel's ineffectiveness.State v. Lytle (1976), 48 Ohio St.2d 391; State v. Hamblin (1988),37 Ohio St.3d 153. The United States Supreme Court, in Strickland v.Washington (1984), 466 U.S. 668, 686, set forth a two-part test for reviewing claims of ineffectiveness:
 {¶ 25} "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
 {¶ 26} The United States Supreme Court held that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." Id. Specifically, to establish ineffectiveness, appellant must show that, but for counsel's deficient performance, there is a reasonable probability the result of the trial would have been different. Id.
 {¶ 27} The effective assistance of counsel, however, does not guarantee results. State v. Longo (1982), 4 Ohio App.3d 136, 139. "A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney." State v.Hart (1988), 57 Ohio App.3d 4, 10. Reviewing courts must not use hindsight to second-guess trial strategy, and must keep in mind that different trial counsel will often defend the same case in different manners. See Strickland at 689. "The trial court had broad discretion in the admission and the exclusion of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, the court should be slow to interfere." State v. Hymore (1967),9 Ohio St.2d 122, 128, certiorari denied (1968), 390 U.S. 1024. See, also, State v. Sage (1987), 31 Ohio St.3d 173, 182; State v. Long
(1978), 53 Ohio St.2d 91, 98.
 {¶ 28} We have thoroughly reviewed the record in this case. There is simply no indication in the record that the issues with the log(s) were not known to defense counsel. Additionally, there is no requirement that trial counsel request a continuance when Matuszewski was called and there was no indication that one was necessary. Trial counsel conducted a thorough cross-examination of Matuszewski. Once the alleged inconsistencies had been revealed, trial counsel could have easily recalled Short to explain. However, it is just as likely that there was no explanation for the alleged inconsistencies, as it is likely that trial counsel failed to thoroughly investigate the record keeping policies of St. Paul's. Short's testimony, as given, was quite possibly the best defense there was to offer. Trial counsel's decision to call Short as a witness is clearly a matter of trial strategy, which must not be second-guessed by this court. See Strickland at 689.
 {¶ 29} Appellant, however, additionally argues that trial counsel was deficient for failing to request a "limiting instruction." Appellant, however, fails to state what instruction should have been included. Nevertheless, we find no error by the trial court with respect to its instructions to the jury regarding the use of alibi testimony. The trial court clearly instructed the jury that even if they did not believe the testimony that appellant was elsewhere at the time of the offense, they were not to then infer that appellant was present at the time and place of the offense. The jury was also reminded that regardless of the alibi testimony, they were still required to find beyond a reasonable doubt that appellant was present at the time and place in question before finding him guilty. Additionally, we note that Matuszewski's testimony was limited to rebuttal of Short's testimony. As such, we find that it would be unnecessary for the court to give a limiting instruction concerning how the jury must consider Matuszewski's testimony in its deliberations.
 {¶ 30} Moreover, we find that, while it is possible that appellee may have changed his defense or entered a plea, had he known of the rebuttal witness, this is mere conjecture and is not sufficient to support a finding of abuse of discretion by the trial court. SeeFinnerty, 45 Ohio St.3d at 109. Appellant, however, additionally argues that, by presenting an alibi witness that appeared untruthful and devious to the jury, the jury may have convicted appellant, even if it did not find the state's witnesses to be entirely credible, because the jury "could not possibly * * * ignore the destructive effect that the testimony of Ms. Matuszewski had on the sole defense witness." We find this argument to be without merit. The jury was clearly instructed that "[i]f the evidence fails to establish that the defendant was elsewhere, such failure does not create an inference that the defendant was present at the time when and at the place where an offense may have been committed."
 {¶ 31} We therefore find that appellant has failed to demonstrate that his trial counsel's performance was deficient. See Strickland, supra. Appellant's second assignment of error is found not well-taken.
 {¶ 32} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.