[Cite as *State v. Wofford*, 2014-Ohio-3122.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
|     Plaintiff-Appellee | |
| -vs- | Case No. 2013CA00186 |
| SHIQUAN WOFFORD | |
|     Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2013CR0526 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 14, 2014 |
| APPEARANCES: | |

For Plaintiff-Appellee

For Defendant-Appellant

JOHN D. FERRERO
Prosecuting Attorney
Stark County, Ohio

By: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South - Suite 510
Canton, Ohio 44702-1413

GEORGE URBAN
116 CLEVELAND AVE. N.W., SUITE 808
Canton, Ohio 44702

*Hoffman, P.J.*

{¶1}   Defendant-appellant Shiquan Wofford appeals his conviction entered by the Stark County Court of Common Pleas on one count of burglary and one count of domestic violence.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On March 31, 2013, Appellant and his girlfriend, Shawnee Holloway, engaged in an argument at Holloway's residence.  Appellant stayed overnight with Holloway on occasion.  Holloway testified during the argument, Appellant kicked and pushed her, then left the residence.  When Appellant left the residence, Holloway locked the door.  Appellant then started banging on the door to the residence.  Holloway observed Appellant outside by the window.  Afraid for her safety, Holloway ran to a second floor bedroom of the house, and then heard Appellant coming through the house.

{¶3}   Deric Johnson, Holloway's brother, testified at trial he was staying overnight at Holloway's residence on March 31, 2013.  He overheard Holloway and Appellant arguing, and ultimately called 911 at Holloway's request.  He testified there was glass in the residence due to a window being broken.  Johnson dialed 911 from a second floor bedroom, and the call was played to the jury during the testimony of Johnson.  Johnson was whispering during the call because he didn't want Appellant to find Holloway, who was hiding in the room.  During the call, the sound of glass breaking could be heard.

{¶4}   Holloway ran to a neighbor's house, fearful Appellant would hurt her.

{¶5} Appellant claims to have entered the residence with a key in order to retrieve his clothes.

{¶6} Officer Boyer of the Canton Police Department, responded to the 911 call, and observed Holloway who appeared upset and tearful, with marks on her back and right hand. Officer Boyer also observed a significant amount of glass on the inside of the residence in the kitchen area. Appellant maintained the window was broken when Holloway threw a cell phone from inside the residence.

{¶7} Appellant was indicted on one count of burglary, in violation of R.C. 2911.12(A)(3), and one count of domestic violence, in violation of R.C. 2929.25(A). Following a jury trial, Appellant was convicted of the charges, and sentenced to six months in prison.

{¶8} Appellant appeals, assigning as error:

{¶9} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE PLAYING OF A 911 TAPE THAT THE STATE OF OHIO DID NOT PROVIDE TO APPELLANT THROUGH DISCOVERY IN A TIMELY MANNER.

{¶10} "II. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶11} "III. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SET ASIDE THE VERDICT AS INCONSISTENT.

{¶12} "IV. APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND

ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, BECAUSE HIS

TRIAL COUNSEL PROVIDED INEFFECTIVE ASSITANCE [SIC]."

I.

{¶13} In the first assignment of error, Appellant argues the trial court erred in allowing the playing of the 911 tape despite the State's failure to timely provide the tape to Appellant through the discovery process.

{¶14} Appellant does not deny having knowledge of the tape or having been provided with a copy of the tape prior to trial; rather, Appellant argues the State's failure to timely provide the tape to Appellant's counsel prejudiced his ability to effectively present a defense.

{¶15} Pursuant to Ohio Criminal Rule 16, the trial court has discretion whether to sanction the State for failure to timely provide the relevant discovery.

{¶16} In *State v. Darmond* 135 Ohio St.3d 343, 2013-Ohio-966, the Ohio Supreme Court addressed the issue presented herein, holding:

{¶17} "The overall objective of the criminal rules ' 'is to remove the element of gamesmanship from a trial.' ' *Lakewood,* 32 Ohio St.3d at 3, 511 N.E.2d 1138, quoting *State v. Howard,* 56 Ohio St.2d 328, 333, 383 N.E.2d 912 (1978). The purpose of the discovery rules 'is to prevent surprise and the secreting of evidence favorable to one party.' *Id.*

{¶18} "***

{¶19} "*Lakewood* mentions several factors to be considered in the balancing test: the extent of surprise or prejudice to the state if the testimony were allowed, the impact that excluding the testimony would have on the trial, whether the violation was

willful or in bad faith, and the effectiveness of less severe sanctions. *Id.* at 5, 511 N.E.2d 1138

**{¶20}** "***

**{¶21}** "Crim.R. 16's emphasis on equal and reciprocal treatment of parties clarifies that the strong preference expressed in *Lakewood* for imposing the least severe sanction that will further the purposes of the discovery rules is a critical consideration that must be taken into account in any criminal case before a severe sanction is imposed for a discovery violation. We accordingly conclude that *Lakewood* applies to discovery violations committed by the state, and we therefore answer the certified question in the affirmative."

**{¶22}** Based upon the above, we find the trial court did not abuse its discretion in allowing the 911 tape at trial, as Appellant was able to present a defense, was aware of the tape prior to trial, and has not demonstrated actual prejudice by the delay in being provided the tape. The record does not affirmatively demonstrate the State willfully failed to disclose the tape. Rather, the record indicates the State asserts the tape was sent previously, but Appellant claimed to have not received the tape. Therefore, the tape was resent.

**{¶23}** The first assignment of error is overruled.

II.

**{¶24}** In the second assignment of error, Appellant argues his conviction was against the manifest weight and sufficiency of the evidence.

**{¶25}** When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed,

reasonably could support a finding of guilt beyond a reasonable doubt. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997) (stating that "sufficiency is a test of adequacy"); *State v. Jenks,* 61 Ohio St.3d 259, 274, 574 N.E.2d 492 (1991). The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jenks,* 61 Ohio St.3d at 273, 574 N.E.2d 492. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *Thompkins,* 78 Ohio St.3d at 390, 678 N.E.2d 541 (Cook, J., concurring).

{¶26} Thus, when reviewing a sufficiency-of-the-evidence claim, an appellate court must construe the evidence in a light most favorable to the prosecution. *State v. Hill,* 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996); *State v. Grant,* 67 Ohio St.3d 465, 477, 620 N.E.2d 50 (1993). A reviewing court will not overturn a conviction on a sufficiency-of-the-evidence claim unless reasonable minds could not reach the conclusion that the trier of fact did. *State v. Tibbetts,* 92 Ohio St.3d 146, 162, 749 N.E.2d 226 (2001); *State v. Treesh,* 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

{¶27} When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence, and consider witness credibility. A reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. *E.g., State v. Issa,* 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. DeHass,* 10 Ohio

St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212 (1967), paragraph one of the syllabus. Once the reviewing court finishes its examination, the court may reverse the conviction only if it appears that the fact-finder, when resolving the conflicts in evidence, " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶28} If the prosecution presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence. *State v. Eley,* 56 Ohio St.2d 169, 383 N.E.2d 132 (1978), syllabus. Generally, a reviewing court should find a conviction against the manifest weight of the evidence only in the " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *Martin,* 20 Ohio App.3d at 175, 485 N.E.2d 717; *accord State v. Lindsey,* 87 Ohio St.3d 479, 483, 721 N.E.2d 995 (2000).

{¶29} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries,* 5th Dist. No. CA–5758, 1982 WL 2911 (Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction,* 54 Ohio St.2d 279, 376 N.E.2d 578(1978). The Ohio Supreme Court has emphasized: " '[I]n

determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *.' " *Eastley v. Volkman,* 132 Ohio St.3d 328, 334, 972 N.E.2d 517, 2012–Ohio–2179, *quoting Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978). Furthermore, it is well established that the trial court is in the best position to determine the credibility of witnesses. See, e.g., *In re Brown,* 9th Dist. No. 21004, 2002–Ohio–3405, ¶ 9, citing *State v. DeHass,* 10 Ohio St .2d 230, 227 N.E.2d 212(1967).

**{¶30}** Appellant was convicted of burglary, in violation of R.C. 2911.12(A)(3), which reads,

**{¶31}** "(A) No person, by force, stealth, or deception, shall do any of the following:

**{¶32}** "***

**{¶33}** "(3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense."

**{¶34}** Appellant maintains his conviction for burglary is against the manifest weight and sufficiency of the evidence as there is no evidence he used force, stealth or deception to enter the residence; rather, he entered the residence with a key. Appellant argues there was no witness to testify he entered the residence through the window, and no witness testified to him having cuts or scrapes on his person. Appellant asserts

the window broke as a result of a cell phone being thrown by Holloway through the window from inside the residence.

{¶35} Again, the trier-of-fact is in the best position to weigh the evidence and judge the credibility of the witnesses. The testimony and evidence presented at trial was that Officer Boyer observed shattered glass on the inside of the residence, near the broken window. On the playing of the 911 tape, the sound of glass breaking can be heard, after Holloway had locked the door, and ran upstairs fearful of harm inflicted by Appellant.

{¶36} Second, Appellant argues his conviction for burglary is against the manifest weight and sufficiency of the evidence because the element of purpose to commit a crime was not satisfied. Specifically, Appellant observes the jury returned a verdict of not guilty for domestic violence as to Appellant's kicking and pushing Holloway prior to leaving the residence.

{¶37} Upon review of the record, we find the trier-of-fact could infer Appellant forcibly reentered the residence after previously having left, with the intent to commit the crime of domestic violence. Holloway testified at trial she was afraid and scared Appellant was going to hurt her.

{¶38} Accordingly, Appellant's conviction for burglary was not against the manifest weight and sufficiency of the evidence.

{¶39} The second assignment of error is overruled.

III.

{¶40} In the third assigned error, Appellant maintains the trial court erred in denying his motion to set aside the verdict as inconsistent.

**{¶41}** Appellant was convicted of burglary, in violation of R.C. 2911.12(A)(3), set forth above. As to the elements of burglary, the jury was instructed:

**{¶42}** "The defendant is charged with burglary. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 31 day of March, 2013, in Stark County, Ohio, the defendant, by force or stealth, trespassed in an occupied structure or in a separately secured or separately occupied portion of an occupied structure with the purpose to commit the offense of domestic violence.

**{¶43}** "***

**{¶44}** "A person acts [sic] is purposely when it is his specific intention to cause a certain result. It must be established in this case that at the time in question there was present in the mind of the defendant a specific intention to commit the offense of domestic violence while on the land or premises of another without privilege."

**{¶45}** Tr. at 257-258.

**{¶46}** As to the elements of domestic violence, the jury was instructed:

**{¶47}** "In this case, the offense of domestic violence is an essential element of the crime of burglary. To prove domestic violence, the state must prove beyond a reasonable doubt that on or about the 31 day of March, 2013, and in Stark County, Ohio, the defendant knowingly cause or attempted to cause physical harm to a family or household member, being Shawnee Holloway."

**{¶48}** Tr. at 261.

**{¶49}** Pursuant to the statute, an accused need only have purpose to commit a criminal offense for the underlying offense in an aggravated burglary charge. There is

no requirement the criminal charge be completed. *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787.

**{¶50}** As set forth in our analysis and disposition of Appellant's second assigned error, in this case, the trial court reasonably construed Appellant's intent in reentering the residence as intending to commit the act of domestic violence. The fact the jury acquitted Appellant of domestic violence for his alleged conduct prior to leaving the residence is not inconsistent with inferring his purpose to commit domestic violence upon forcibly reentering. As a general rule, inconsistent verdicts on separate counts of an indictment will not result in reversal of a conviction.

**{¶51}** Appellant's third assigned error is overruled.

IV.

**{¶52}** In the fourth assignment of error, Appellant argues he was denied effective assistance of trial counsel.

**{¶53}** To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

**{¶54}** "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in

the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

**{¶55}** Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

**{¶56}** Appellant argues his trial counsel was ineffective in failing to request an instruction on the lesser offense of criminal trespass. Appellant's trial strategy was to procure an outright acquittal on all charges. Part of his defense strategy was that he did not trespass at all. To request an instruction on criminal trespass would serve to undermine that defense, and be inconsistent with his own version of the incident. Counsel was not ineffective in this regard.

**{¶57}** Appellant further argues he had additional witnesses he wished to have testify at trial, and counsel did not contact the witnesses. However, Appellant does not identify what those witnesses would have testified. Appellant cannot demonstrate on this record the outcome of the trial would have been different had the proposed witnesses testified. Therefore, Appellant has failed to demonstrate prejudice as a result of counsel's alleged error.

**{¶58}** The fourth assigned error is overruled.

{¶59} Appellant's conviction in the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Gwin, J.  and

Wise, J. concur